■ DONNA J. ORAM, Respondent, v ROBERT L. CAPONE, Individually and as Administrator of the Estate of JAMES V. CAPONE, Deceased, Defendant, and ROBIN J. HALBERT et al., Appellants. [615 NYS2d 799] —Judgment unanimously affirmed without costs. Memorandum: Defendant County of Onondaga (County) failed to preserve for review its argument that, pursuant to Weiss v Fote (7 NY2d 579, rearg denied 8 NY2d

934), the doctrine of qualified municipal immunity applies to bar recovery against it. The County argues for the first time on appeal that plaintiff failed to establish that its decision not to post reduced speed signs on the subject portion of Lafayette Road was the result of an inadequate study or that its decision lacked a reasonable basis.

A question of law appearing on the face of the record may be raised for the first time on appeal if it could not have been avoided by the opposing party if brought to that party's attention in a timely manner (Block v Magee, 146 AD2d 730, 732). An issue may not be raised for the first time on appeal, however, where it "could have been obviated or cured by factual showings or legal countersteps" in the trial court (Telaro v Telaro, 25 NY2d 433, 439, rearg denied 26 NY2d 751). We conclude that additional evidence could have been presented by plaintiff or codefendants Halberts to present a jury issue whether the County failed to conduct an adequate study or whether its decision lacked a reasonable basis (see, e.g., Scheemaker v State of New York, 70 NY2d 985; Ganios v State of New York, 181 AD2d 859; Cordero v City of New York, 112 AD2d 914, 915-916). Thus, it cannot be said that the doctrine of qualified immunity necessarily applies as a matter of law.

We have considered the remaining contentions and find them to be without merit. (Appeals from Judgment of Supreme Court, Onondaga County, Hurlbutt, J.—Negligence.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.