■ In the Matter of a Child Whose First Name is BABY GIRL. MARK A. F., Appellant; BEVERLY S. et al., Respondents. [615 NYS2d 800] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined after a hearing that the natural father's consent in this adoption proceeding was not required. The father, who has been in military service since 1980, was not notified until April 1991 of the pendency of an adoption proceeding. The child was placed with the adoptive parents within six months of birth and has continued to reside with them since February 1990.

The record supports the court's determination that the father knew or should have known that the mother was pregnant and that the father failed to do all that he could to establish a parental relationship within the six months immediately preceding the child's placement for adoption *(see, Matter of Raquel Marie X.,* 76 NY2d 387, *cert denied sub nom. Robert C. v Miguel T.,* 498 US 984).

The attempt by the father to measure the timeliness of his parental efforts from the date he contends he became aware of the existence of the child is not supported in law. "Promptness is measured in terms of the baby's life not by the onset of the father's awareness. The demand for prompt action by the father at the child's birth is neither arbitrary nor punitive, but instead a logical and necessary outgrowth of the State's legitimate interest in the child's need for early permanence and stability" *(Matter of Robert O. v Russell K.,* 80 NY2d 254, 264).

The father's biological connection alone does not create a constitutionally protected right under a due process analysis *(see, Matter of Robert O. v Russell K., supra,* at 265-266). As the Court of Appeals has noted: "[A] holding that this 'right' requires due process recognition would logically and inevitably lead to inhibiting a State's interest in prompt and efficient efforts to finalize adoption proceedings and limiting a mother's right to privacy" *(Matter of Robert O. v Russell K., supra,* at 266).

The father's contention that section 308 of the Military Law and its Federal counterpart (50 USC, Appendix § 501 *et seq.)* toll the six-month period in which he can "claim his parental rights" is raised for the first time on appeal. We nonetheless consider it because it could not have been " 'obviated or cured by factual showings or legal countersteps' in the trial court" *(Oram v Capone,* 206 AD2d 839, 840 [decided herewith], quoting *Telaro v Telaro,* 25 NY2d 433, 439, *rearg denied* 26 NY2d 751). The statutes protect members of the armed services who are unable to commence timely actions or proceedings in judicial or quasi-judicial tribunals as a result of their military obligations.

The six-month period in question does not limit a cause of action or claim; it measures, and gives definition to, the ripening of a biological connection into a constitutionally protected liberty interest for an unwed father and his child. It represents an opportunity that must be grasped if the father is to be given a say in the child's adoption *(Matter of Robert O.*

*v Russell K., supra; Matter of Raquel Marie X., supra)* and does not require the commencement of an action or proceeding within that time period. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Adoption.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.