■ KARIN CZUMAJ, an Infant, by WALTER CZUMAJ, as Parent and Natural Guardian, et al., Appellants, v MARK R. BORZELLERI et al., Respondents. [635 NYS2d 399] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court should have granted plaintiffs' motion to the extent that it sought partial summary judgment on the issue of liability. "While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" *(Morowitz v Naughton,* 150 AD2d 536, 537; *see also, Dawkins v Craig,* 216 AD2d 436; *Flores v Pharmakitis,* 209 AD2d 205; *Ruotolo v Ambu-Wagon, Inc.,* 206 AD2d 416). The record establishes that the sole cause of the accident was defendant Mark R. Borzelleri's loss of control of the truck while attempting to make a left turn. Additionally, Borzelleri acknowledged that he was exceeding the speed limit. The record also establishes that Karin Czumaj was free from culpable conduct.

The court properly denied plaintiff's motion to the extent that it sought dismissal of the affirmative defense that Karin failed to wear an available seat belt. Plaintiff may not rely on Borzelleri's alleged violation of Vehicle and Traffic Law § 1229-c (2) to preclude defendants from raising the seat belt defense *(see generally, Hamilton v Purser,* 162 AD2d 91). Additionally, a question of fact exists whether there was a seat belt available for Karin to wear.

Therefore, we modify the order on appeal by granting plaintiff's motion to the extent that it sought partial summary judgment on the issue of liability and dismissal of the first affirmative defense alleging culpable conduct. In all other respects, the order is affirmed. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.