FOURTH DEPARTMENT, NOVEMBER, 1997

(November 19, 1997)

■ PHYLLIS A. B. DePETRES, Respondent, v WILLIAM J. KAISER et al., Appellants. [665 NYS2d 221] —Order unanimously mod-

ified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the cross motion of defendants for summary judgment dismissing the complaint because they failed to make a prima facie showing that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d) (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). To establish a prima facie case that plaintiff, as alleged in her complaint, did not have a medically determined impairment of a nonpermanent nature that prevented her from performing substantially all of her usual and customary daily activities for 90 of the 180 days after the accident, it is not sufficient merely to prove that, over two years after the injuring event, plaintiff had a normal neurological examination. In addition, the reports of plaintiff's treating physician, upon which defendants also rely, set forth objective physical findings of injury and state that plaintiff was out of work for six months after the accident. Thus, defendants failed to meet their burden and the cross motion was properly denied (*see, Torres v Micheletti*, 208 AD2d 519, 519-520; *Hayes v Riccardi*, 97 AD2d 954).

The court erred, however, in granting plaintiff's motion for summary judgment on the issue of liability, and we modify the order by instead granting partial summary judgment to plaintiff on the issue of negligence. Summary judgment on the issue of liability is not appropriate at this juncture; whether plaintiff sustained a serious injury remains an issue of fact, and defendants are not liable unless plaintiff proves at trial that she sustained a serious injury. Plaintiff, however, conclusively established defendants' negligence " 'where, as here, the facts clearly point to the negligence of [defendants] without any fault or culpable conduct by [plaintiff]' " (*Czumaj v Borzelleri*, 222 AD2d 1053, quoting *Morowitz v Naughton*, 150 AD2d 536). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.