■ THERESA A. SIMONE et al., Respondents, v CITY OF NIAGARA FALLS, Appellant, et al., Defendant. [721 NYS2d 892] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries they sustained when the vehicle owned by Robert J. Baker and operated by Theresa A. Simone was struck by a police vehicle operated by defendant Scott Dallavia, a police officer for defendant City of Niagara Falls (City). Defendants conceded liability and the case proceeded to trial on "damages only." A precharge conference was held off the record but the record nevertheless establishes that defendants at that time requested that Supreme Court charge the jury that plaintiffs had the burden of proving that they sustained serious injuries within the meaning of Insurance Law § 5102 (d). The City contends on appeal that the court erred in failing to so charge the jury, while plaintiffs contend that, in agreeing that the issue of damages was the sole issue for trial, defendants thereby conceded that plaintiffs had sustained serious injuries. Serious injury has been viewed as an element of liability or an element of damages (see, e.g., Maldonado v DePalo, 277 AD2d 21; DePetres v Kaiser, 244 AD2d 851; Kelley v Balasco, 226 AD2d 880; Perez v State of New York, 215 AD2d 740).

The stipulation of liability has not been included in the record on appeal and thus the City, as the appellant, has failed to submit a proper record on appeal with respect to this issue (see, Chazy & Westport Tel. Corp. v KFC-Kuntz for Congress, 276 AD2d 872; Serpe v Eyris Prods., 243 AD2d 375, 380). Although the record before us is incomplete, we conclude that it establishes that defendants conceded the issue of serious injury as part of the stipulation on liability. At the commencement of trial, defendants submitted a proposed verdict sheet addressing only issues concerning the amount of damages. Further, the court in its preliminary charge and counsel for plaintiffs and defendants in their opening statements to the jury limited the subject of the trial to the amount of damages and defendants did not object when the court and plaintiffs limited the issue to one of money only. "[Their] failure to do so must be viewed as a tacit acceptance of the direction that the trial would take" (Cullen v Naples, 31 NY2d 818, 820). In any event,

even assuming, arguendo, that the court erred in failing to submit the issue of serious injury to the jury, we conclude that the error would not warrant reversal because the unrefuted evidence establishes that plaintiffs sustained serious injuries (*see, Porcano v Lehman,* 255 AD2d 430, 431-432; *Small v Zelin,* 152 AD2d 690). (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Damages.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.