■ Laura Ferguson et al., Appellants-Respondents, v Walter F. Ozog et al., Respondents-Appellants. [732 NYS2d 311] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that the verdict was excessive and granted a new trial on damages (see, CPLR 5501 [c]). However, the court erred in denying the motion of defendants Walter F. Ozog (Ozog) and Jane M. Ozog seeking to set aside the verdict entered in favor of plaintiffs and seeking a new trial on the issue of whether plaintiff sustained a serious injury as a result of the accident involving Ozog. We agree with those defendants that the court erred in determining as a matter of law that Laura Ferguson (plaintiff) sustained a serious injury pursuant to Insurance Law § 5104 (a) as the result of her involvement in a motor vehicle accident that occurred on January 30, 1997, and that the negligence of Ozog proximately caused her injuries. In their motion seeking to set aside the verdict, defendants Adam M. Tabelski and Matthew G. Tabelski did not contest the determinations of the court with respect to serious injury or liability, nor do they contest those determinations on appeal.

On January 30, 1997, plaintiff's vehicle was struck from behind by a vehicle driven by Ozog. Plaintiff was diagnosed with a cervical strain as a result of that accident. On March 16, 1997, plaintiff's vehicle was struck from behind by a vehicle driven by Matthew Tabelski. Plaintiff was diagnosed with an aggravation of the cervical strain and, in addition, a disc herniation at L5-S1, which impinged on a nerve root. Conflicting testimony was presented at trial on the issue whether the disc herniation was caused by the first accident or the second accident, or by both accidents.

Without addressing the issue whether the disc herniation constituted a serious injury, the court granted plaintiffs' motion for judgment (see, CPLR 4401). The court determined as a matter of law that the cervical strain constituted a serious injury; that defendants were negligent; and that their negligence was the proximate cause of plaintiff's injuries. We conclude that the court properly determined that the Ozogs were negligent, but erred in granting judgment to plaintiff on the issue of liability. In order to grant judgment pursuant to CPLR 4401, the court must determine that, "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party [citation omitted] * * * [T]he trial court must afford the party opposing the motion every inference which may properly be drawn from

the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant" (*Szczerbiak v Pilat,* 90 NY2d 553, 556). Here, plaintiffs and the Ozogs presented conflicting evidence on the issue whether the cervical strain sustained as a result of the first accident constituted a serious injury. A cervical strain is a soft tissue injury, and "[m]ere soft tissue injury, even if persistent or protracted, will not qualify as a serious injury in the absence of competent medical evidence establishing a meaningful impairment or limitation as a result of the pain" (*Rath v Shafer,* 267 AD2d 565, 566). Therefore, with respect to the Ozogs, the court erred in determining that the cervical strain constituted a serious injury as a matter of law (*see, Greene v Frontier Cent. School Dist.,* 214 AD2d 947, 947-948; *cf., Hackett v Driver,* 278 AD2d 914). Thus, we modify the order by granting the motion of the Ozogs and setting aside the verdict and by providing that a new trial is also granted on the issue whether plaintiff sustained a serious injury as a result of the first accident. The issue whether Ozog's negligence was a proximate cause of plaintiff's injuries will be addressed in the trial on damages. Although we recognize that the Tabelskis seek only to reduce the amount of the verdict, granting relief to the Ozogs necessarily requires that the jury consider the apportionment of damages between the defendants (*see generally, Hecht v City of New York,* 60 NY2d 57, 62). We therefore further modify the order by providing that a new trial is granted on apportionment of damages between the defendants. In light of our decision, the remaining contentions of the parties are moot. (Appeals from Order of Supreme Court, Erie County, Michalek, J.—New Trial.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.