■ LINDA W. MANZANO, Respondent, et al., Plaintiff, v SHARON A. O'NEIL, Appellant. [747 NYS2d 813] —An appeal having been taken from a judgment of Supreme Court, Onondaga County (Major, J.), entered March 22, 2000, in favor of plaintiff Linda W. Manzano after a jury trial, and said judgment having

been reversed by order of this Court entered July 3, 2001 in a memorandum decision (285 AD2d 966), and plaintiff on November 20, 2001 having been granted leave to appeal to the Court of Appeals from said order (97 NY2d 605), and the Court of Appeals on July 9, 2002 having reversed said order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (*sub nom. Toure v Avis Rent a Car Sys.*, 98 NY2d 345).

Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on the appeal to this Court,

It is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion and providing that prejudgment interest is to commence from March 1, 2000, the date of the verdict, and the order entered May 19, 2000 is vacated and as modified the judgment is affirmed without costs.

Memorandum: Defendant contends that Supreme Court erred in denying her motion to allow prejudgment interest to begin to run from the date of the verdict rather than from the date of the parties' stipulation. In the stipulation, defendant admitted that she was "liab[le] for causing the accident" but specifically did not concede "causation on any of the injuries alleged." At trial, the causation issue and the issue whether Linda W. Manzano (plaintiff) sustained a serious injury within the meaning of Insurance Law § 5102 (d) were submitted to the jury.

We agree with defendant. Prejudgment interest begins to run from the date on which "the defendant's obligation to pay the plaintiff[s] is established, and the only remaining question is the precise amount that is due" (*Love v State of New York*, 78 NY2d 540, 544). Here, defendant's obligation to pay damages to plaintiffs was not established until the issue of causation with respect to plaintiff's injuries was resolved (*see generally* PJI3d 2:70 [2002]) and "plaintiff[s] prove[d] at trial that [plaintiff] sustained a serious injury" (*DePetres v Kaiser*, 244 AD2d 851, 852). Thus, we modify the judgment by granting defendant's motion and providing that prejudgment interest is to commence from March 1, 2000, the date of the verdict, rather than July 8, 1999, the date of the stipulation, and vacate the order entered May 19, 2000. Present—Pigott, Jr., P.J., Wisner, Scudder, Kehoe and Burns, JJ.