[750 NYS2d 680]

KEVIN R. RUZYCKI et al., Appellants, v BRIAN D. BAKER, Respondent.

Fourth Department, November 15, 2002

APPEARANCES OF COUNSEL

*Alexander & Catalano, LLP,* Syracuse (*Benjamin C. Rabin* of counsel), for appellants.

*Mackenzie Hughes LLP,* Syracuse (*Nancy L. Pontius* of counsel), for respondent.

## OPINION OF THE COURT

HAYES, J.

### I

Plaintiffs commenced this negligence action seeking damages for personal injuries sustained by Kevin R. Ruzycki (plaintiff) when the vehicle that he was driving was rear-ended by a vehicle driven by defendant. Plaintiffs moved for summary judgment on the issue of liability but did not raise the issue whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion on two grounds: there are issues of fact concerning the negligence of plaintiff and defendant and plaintiffs failed to establish as a matter of law that plaintiff sustained a serious injury. We conclude that the order should be modified by granting partial summary judgment to plaintiffs on the issue of negligence.

### II

Plaintiffs first argue that defendant failed to offer a nonnegligent excuse to rebut their prima facie showing that defendant was negligent, and thus the court erred in determining that there are issues of fact concerning the negligence of plaintiff and defendant. We agree.

"When a driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Power v Hupart,* 260 AD2d 458, 458; *see Barile v Lazzarini,* 222 AD2d 635, 637). "[A] rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating,* 273 AD2d 790, 790; *see Leal v Wolff,* 224 AD2d 392, 393). In order to rebut a prima facie showing of negligence, the driver of the rear vehicle must submit a nonnegligent explanation for the collision (*see Pitchure,* 273 AD2d at 790; *Leal,* 224 AD2d at 393; *Suitor v Boivin,* 219 AD2d 799, 800).

In this case, plaintiffs submitted the deposition testimony of plaintiff and defendant, who presented differing versions of the accident. On this motion for summary judgment, we view the evidence in the light most favorable to defendant, the party opposing the motion (*see Boyce v Vazquez,* 249 AD2d 724, 726). Both parties described the traffic that afternoon at approximately 5:00 P.M. as "bumper to bumper" and slow-moving. Defendant testified that the vehicles were stopped and then began to move slowly, and he estimated that his speed prior to impact was between 10 and 15 miles per hour. Defendant further testified that, after moving less than half a block, plaintiff's vehicle came to a sudden and abrupt stop. Defendant applied his brakes but was unable to avoid rear-ending plaintiff's vehicle.

Plaintiffs met their initial burden of establishing a prima facie case of negligence by submitting evidence that defendant's vehicle rear-ended plaintiff's stopped vehicle (*see Suitor,* 219 AD2d at 799-800). Under some circumstances, evidence that the driver of the front vehicle came to an abrupt stop is sufficient to rebut the presumption of negligence by the driver of the rear vehicle and raise a triable issue of fact whether the driver of the front vehicle contributed to the accident (*see e.g. Heal v Liszewski,* 294 AD2d 911; *Rosa v Colonial Tr.,* 276 AD2d 781; *Tripp v GELCO Corp.,* 260 AD2d 925, 926). Under the circumstances of this case, however, defendant's deposition testimony was insufficient to raise a triable issue of fact (*see Mascitti v Greene,* 250 AD2d 821, 821-822; *see also Geschwind v Hoffman,* 285 AD2d 448, 449; *Leal,* 224 AD2d at 393-394). Defendant admitted that the traffic was heavy and slow-moving, and "[e]vidence that plaintiff's lead vehicle was forced to stop suddenly in heavy traffic does not amount to proof that plaintiff was in any way at fault for the accident" (*Diller v City of N.Y. Police Dept.,* 269 AD2d 143, 144). "As it can easily be anticipated that cars up ahead will make frequent stops in rush hour traffic, '[d]efendant driver's failure to anticipate and react to the slow and cautious movement of plaintiff's vehicle' is not an adequate, nonnegligent explanation for the accident" (*id.,* quoting *Galante v BMW Fin. Servs. N. Am.,* 223 AD2d 421, 421).

Under the circumstances of this case, we conclude that plaintiffs are entitled to partial summary judgment on the issue of negligence.

## III

Plaintiffs next argue that, contrary to the court's determination, they were not required to establish that plaintiff sustained a serious injury when seeking summary judgment on the issue of liability. We disagree.

In automobile accident cases, the plaintiff must plead and prove that he or she sustained a serious injury before recovering noneconomic damages (*see* Insurance Law § 5102 [d]; § 5104 [a]; *see generally Licari v Elliott,* 57 NY2d 230). "Serious injury has been viewed as an element of liability or an element of damages" (*Simone v City of Niagara Falls,* 281 AD2d 923, 923). Regardless of whether serious injury is viewed as an element of liability or an element of damages, the issue of serious injury must be decided either by the court as a matter of law or by the trier of fact before a defendant will be held liable for damages for a plaintiff's noneconomic loss. We agree with the Second Department that, if the issue of serious injury is not raised by the plaintiff on a motion for summary judgment on the issue of liability, an appellate court will not presume that the issue of serious injury was necessarily decided as part of the motion for summary judgment (*see Zecca v Riccardelli,* 293 AD2d 31; *cf. Maldonado v DePalo,* 277 AD2d 21).

Plaintiffs in this case moved for summary judgment on the issue of liability without raising the issue of serious injury, and thus we conclude that the relief sought by plaintiffs on their motion is more accurately described as a determination on the issue of "negligence," rather than "liability." A defendant is not liable for noneconomic loss under Insurance Law § 5104 (a) unless the plaintiff proves that he or she sustained a serious injury, and thus the term "liability" in motor vehicle accident cases encompasses both negligence and serious injury. In *DePetres v Kaiser* (244 AD2d 851, 852), we determined that the court erred in granting plaintiff's motion for summary judgment on the issue of liability and we modified the order by granting plaintiff partial summary judgment on the issue of negligence. We wrote that "whether plaintiff sustained a serious injury remains an issue of fact, and defendants are not liable unless plaintiff proves at trial that she sustained a serious injury" (*id.*).

We recognize that, when the Second and Third Departments refer to "liability" in a motor vehicle accident case, they are not including the issue of serious injury within that term (*see e.g. Crespo v Kramer,* 295 AD2d 467; *Hess v Dart,* 282 AD2d 810; *Pola v Nycz,* 281 AD2d 839, 840; *Moreno v Chemtob,* 271 AD2d

585, 585-586; *Skellham v Hendricks*, 270 AD2d 619, 620; *Kelley v Balasco*, 226 AD2d 880; *Perez v State of New York*, 215 AD2d 740, 741-742; *Ives v Correll*, 211 AD2d 899; *Powell v New York City Tr. Auth.*, 186 AD2d 728; *Small v Zelin*, 152 AD2d 690, 691). When the First Department refers to "liability" in a motor vehicle accident, that Court includes the issue of serious injury within that term (*see e.g. Maldonado*, 277 AD2d at 22). We agree with the First Department that a finding of "liability" includes the issue of "serious injury" (*see Ferguson v Ozog*, 288 AD2d 833, 833-834; *DePetres*, 244 AD2d at 852; *see generally Harwood v Hinds*, 295 AD2d 949; *Pittman v Rickard*, 295 AD2d 1003; *Garwol v Bruch*, 284 AD2d 940).

If a plaintiff moves for summary judgment on liability and establishes negligence or fault by the defendant as a matter of law, but the issue of serious injury is either not raised or not established as a matter of law, then the court should grant partial summary judgment on the issue of negligence (*see e.g. DePetres*, 244 AD2d at 852). In this case, plaintiffs did not raise the issue of serious injury on their motion for summary judgment on liability. Plaintiffs established that defendant was at fault for the accident, and defendant failed to raise a triable issue of fact. Plaintiffs are thus entitled to partial summary judgment on the issue of negligence, and the issue of serious injury remains to be determined at trial.

## IV

Accordingly, we conclude that the order should be modified by granting partial summary judgment to plaintiffs on the issue of negligence.

PINE, J.P., HURLBUTT, KEHOE and BURNS, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified, on the law, by granting partial summary judgment to plaintiffs on the issue of negligence and as modified, the order is affirmed, without costs.