Appeal from an order of Supreme Court, Oneida County (Ringrose, J.), entered June 4, 2002, which granted in part the motion of third-party defendant and the cross motion of defendant on counterclaim/third-party plaintiff to strike defendant’s counterclaims.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.
Memorandum: This action was commenced by Lakewood Construction Co., Inc. (Lakewood), seeking damages for breach of a construction contract pursuant to which Lakewood was to renovate a fire- and water-damaged residence owned by defendant, Martin Brody. Brody interposed two counterclaims against Lakewood, for breach of contract and negligence, seeking dam *1008 ages for defective performance of the work. In response, Lakewood impleaded its flooring subcontractor, Oneida Floor Co., Inc. (Oneida), seeking common-law indemnification.
Brody appeals from four separate orders, the first of which granted a motion and cross motion to strike Brody’s counterclaims insofar as they relate to the allegedly defective installation of the laundry room floor, on the basis of Brody’s, “failure to comply with the [prior] Order of the Court permitting an inspection of the Brody residence” (see CPLR 3126 [3]). The remaining three orders variously granted in part and denied in part the parties’ motion and cross motions for summary judgment.
Supreme Court did not abuse its discretion in striking the counterclaims in part as a sanction for Brody’s willful refusal to permit an inspection of the laundry room floor, as directed in the prior order of discovery (see CPLR 3126 [3]; see generally Kihl v Pfeffer, 94 NY2d 118, 122 [1999]; Leone v Esposito, 299 AD2d 930 [2002], lv dismissed 99 NY2d 611 [2003]; Blake v Chawla, 299 AD2d 437, 440 [2002]).
The court properly granted that part of Lakewood’s motion for summary judgment dismissing Brody’s affirmative defenses/ counterclaims to the extent that they allege that Lakewood should have uncovered and rectified any alleged defects in the plywood subflooring. By all accounts, once Lakewood had removed the damaged finished flooring, it observed an apparently sound and undamaged stratum of poured gypcrete several inches thick. The allegedly water-damaged plywood subflooring was beneath that gypcrete. The contract neither expressed nor implied that the flooring work would include an inspection and possible replacement of the plywood subflooring. Moreover, the contract did not call for removal of the layer of gypcrete, whether for inspection of the plywood subflooring or otherwise. Nor, contrary to Brody’s contention on appeal, did the contract call for a demolition and complete reconstruction of the in-floor heating system. Further, Lakewood established that, under the circumstances of this case, neither industry standards nor common sense required Lakewood to inspect the plywood subflooring for possible damage. The need to rip up the evidently sound gypcrete in order to inspect the plywood subflooring from above could not have been apparent to Lakewood, nor could it reasonably be deemed to have been a necessary part of the job of installing new finished flooring. We therefore affirm the order in appeal No. 3.
Beyond that, however, we conclude that the court erred in granting, with but one exception pertaining to the allegedly *1009 defective installation of limestone flooring in a “limited section” of the living room in which the limestone tiles “may have failed to adhere properly,” the cross motion of Lakewood for partial summary judgment on that part of the complaint seeking to recover compensation for its flooring work. On the record before us, we conclude that the court erred in determining as a matter of law that, with the exception of that “limited section” of the flooring work, the flooring work was in all respects performed in a workmanlike manner. Having admittedly walked off the job before its completion as a result of customer dissatisfaction, Lakewood bore a heavy burden in demonstrating its entitlement to summary judgment on the complaint and dismissal of Brody’s affirmative defenses/counterclaims alleging poor workmanship by Lakewood and Oneida. Although Lakewood’s cross motion addressed many of Brody’s allegations of poor workmanship, it failed to address all of them. Moreover, even assuming, arguendo, that Lakewood met its initial burden on the cross motion, we conclude that the bill of particulars, depositions, and affidavit of Brody raised triable issues of fact with regard to the adequacy of the floor installations in general and various specified defects in particular. We therefore modify the order in appeal No. 2 by denying in its entirety Lakewood’s cross motion for partial summary judgment on the complaint.
With regard to the order in appeal No. 4, granting in part Oneida’s cross motion for summary judgment dismissing the amended third-party complaint (except insofar as it relates to the flooring work in the aforementioned “limited section” of the living room), we deem it appropriate to grant relief to Lakewood, which did not appeal from that order, as a means of effectuating our grant of relief to Brody on his appeal from the order in appeal No. 2 (see generally 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 n 3 [2002]; Cover v Cohen, 61 NY2d 261, 277-278 [1984]; Hecht v City of New York, 60 NY2d 57, 62 [1983]), in order to “avoid a multiplicity of new motions” (J & A Vending v J.A.M. Vending, 303 AD2d 370, 374 [2003]), and to avoid an injustice to Lakewood (cf. Matter of Miller v DeBuono, 90 NY2d 783, 788 n [1997]; Cover, 61 NY2d at 277-278; Ferguson v Ozog, 288 AD2d 833, 834 [2001]). “Although [Lakewood] did not appeal from the order, we are of the view that because the liability of [Lakewood] and [Oneida] . . . under [the contract and subcontract] is inseparable, this is one of those cases where relief to a nonappealing party is appropriate” (Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853, 855 [1995], citing Hecht, 60 NY2d at 62; see Matter of McGoey v Black, 100 AD2d 635, 637 [1984]). We therefore modify the order in appeal No. 4 by denying in its entirety Oneida’s cross *1010 motion and reinstating in its entirety the amended third-party complaint. There are triable issues of fact with regard to whether Oneida installed the floors in a workmanlike manner, particularly with regard to whether the alleged deficiencies in the flooring work extended beyond the aforementioned “limited section” of the living room. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.