198 P.3d 905 (2008)
2008 OK CIV APP 103
In the Matter of the ADOPTION OF J.D.P., A minor child.
Matthew and Robin Anson, Petitioners/Appellants,
v.
State of Oklahoma, Respondent/Appellee.
No. 105,491. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
August 15, 2008.
Certiorari Denied November 10, 2008.
*906 Joe Freeman, Shawnee, OK, for Petitioners/Appellants.
Allan Grubb, Shawnee, OK, for Respondent/Appellee.
Benjamin McCullar, Shawnee, OK, for Minor Child.
ROBERT DICK BELL, Judge.
¶ 1 Petitioner/Appellant, Robin Anson (Mother), is the natural mother of J.D.P., a minor child born December 15, 2003. Petitioner/Appellant, Matthew Anson, is married to Robin Anson and is the minor child's step-father. On July 30, 2007, Petitioners filed an application for an order by the trial court finding J.D.P. eligible for adoption without the consent of the minor child's natural father, Michael Ryan Anderson (Father). Petitioners alleged Father's consent to the adoption was unnecessary under 10 O.S.2001 § 7505-4.2(B) and (H)[1] because, for a period of twelve (12) consecutive months out of the preceding fourteen (14) months, Father willfully failed to contribute to the minor child's support and failed to establish and/or maintain a positive relationship with the minor child.[2]
¶ 2 Father objected to the entry of such an order. He alleged pursuant to the Servicemembers Civil Relief Act, 50 Appendix U.S.C.A. T. II (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940)(Civil Relief Act), the time frame identified in § 7505-4.2 was tolled while Father was in active military service overseas. Father contended his overseas military service had a "material effect" on his ability to comply with his parental responsibilities because he was called to active duty in the military and served 15 months, between March 2006 and June 2007, in the army with Twelve (12) of the fifteen (15) months being served in Afghanistan.
¶ 3 Alternatively, Father produced evidence that he filed a paternity action when the child was two years old in an attempt to establish a relationship with the child and upon returning from active overseas military service, he attempted to visit the child. He also produced evidence that Mother thwarted his efforts to maintain communication with or to visit the child. Father conceded he paid no child support for the minor child, but produced evidence he periodically offered Mother support, which she rejected, and specifically offered $3,000.00 in back child support to Mother when the adoption petition was filed.
¶ 4 The trial court determined the Civil Relief Act tolled the time frame in § 7505-4.2 for service members while in active service overseas. This finding effectively prevented Petitioners from proving the time frame element required by § 7505-4.2. In any event, the trial court determined the evidence was insufficient to justify the entry of an order determining the minor child's eligibility for adoption without the consent of Father. Based on these findings, the trial court entered an order denying Petitioners' application. Petitioners appealed. We affirm.
¶ 5 On appeal, Petitioners challenge the trial court's application of the tolling provisions of the Civil Relief Act to the instant adoption proceeding. They contend the Civil Relief Act should not act as a "blanket shield" relieving service members of responsibility for their actions as they come under the scrutiny of the time guidelines of § 7505-4.2. This proposition requires the interpretation of the Civil Relief Act to determine whether it applies in this case; thus, it presents a question of law. Burke v. State ex rel. Dept. of Public Safety, 2005 OK CIV APP 92, ¶ 7, 125 P.3d 685, 687. We review *907 questions of law pursuant to a de novo, or non-deferential, standard of review. Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2000 OK 55, ¶ 4, 11 P.3d 162, 166.
¶ 6 We hold the trial court properly determined the Civil Relief Act was applicable while Father was actively serving in the military. According to 50 App. U.S.C.A. § 502, the purposes of the Civil Relief Act are:
(1) to provide for, strengthen, and expedite the national defense through protection extended by this Act [said sections] to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
(2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.
¶ 7 The Civil Relief Act applies to each of the States and to any judicial or administrative proceeding commenced in any court in any jurisdiction subject to the Civil Relief Act, excepting criminal proceedings. 50 App. U.S.C.A. § 512. Section 526(a) of the Civil Relief Act provides:
The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.
This tolling provision is unconditional. Bickford v. U.S., 228 Ct.Cl. 321, 656 F.2d 636 (1981). "The only critical factor is military service; once that circumstance is shown, the period of limitation is automatically tolled for the duration of service." Id. at 639.
¶ 8 Here, Father was an active member of the armed services with overseas military assignment in Afghanistan during most of the relevant time period identified in § 7505-4.2. Accordingly, the Civil Relief Act tolling provision was applicable and the trial court was prohibited from including any period of Father's military service in calculating the time periods identified in § 7505-4.2. Petitioners cite Matter of Baby Girl, 206 A.D.2d 932, 615 N.Y.S.2d 800 (N.Y.A.D. 4 Dept., 1994), for the proposition that the instant adoption proceeding should be excepted from the tolling provision of the Civil Relief Act. This case is distinguishable on its facts and is inapplicable to the instant proceeding. In any event, Petitioners fail to cite any Oklahoma statutory or legal authority excepting the applicable time limitations in § 7505-4.2 from the mandatory tolling requirement of the Civil Relief Act. We decline to do so. This Court does not read exceptions into a statute. World Pub. Co. v. Miller, 2001 OK 49, ¶ 10, 32 P.3d 829, 833.
¶ 9 The relevant time frame for showing father's lack of parental effort, support and involvement occurred while Father was in active overseas military service. The evidence further revealed such military service clearly had a material effect on Father's pending paternity suit and ability to communicate and visit with his child. We therefore hold the trial court properly determined Petitioners were unable to establish the essential time element of their claim.
¶ 10 Because the Civil Relief Act effectively tolled the time element of Petitioners' claim, it is unnecessary to address the remainder of Petitioners' claims. The trial court's order denying application to determine child eligible for adoption without consent of the natural father is affirmed. Petitioners' request for appeal-related attorney fees and costs is denied.
¶ 11 AFFIRMED.
BUETTNER, P.J., and MITCHELL, V.C.J., concur.
NOTES
[1] Section 7505-4.2(B) provides "Consent to adoption is not required from a parent who, for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for adoption of a child or a petition to terminate parental rights pursuant to Section 7505-2.1 of this title, has willfully failed, refused, or neglected to contribute to the support of such minor."

Section 7505-4.2(H)(1) provides: "Consent to adoption is not required from a parent who fails to establish and/or maintain a substantial and positive relationship with a minor for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for adoption of the child."
[2] The relevant 14 month time frame would be from May 2006 through July 2007.