# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1437/14**
**CA 14-01056**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

GEORGE R. PHELPS, PLAINTIFF,

                V                                           MEMORANDUM AND ORDER

LISA B. PHELPS, DEFENDANT.
------------------------------------------
LISA B. PHELPS, THIRD-PARTY
PLAINTIFF-RESPONDENT,

                V

STANFORD N. PHELPS, ELIZABETH R. PHELPS AND
S.N.P. ASSOCIATES RETIREMENT PLAN, INC.,
THIRD-PARTY DEFENDANTS-APPELLANTS.
(ACTION NO. 1.)
------------------------------------------
ELIZABETH R. PHELPS, PLAINTIFF-APPELLANT,

                V

GEORGE R. PHELPS, STANFORD N. PHELPS,
DEFENDANTS-APPELLANTS,
LISA B. PHELPS, DEFENDANT-RESPONDENT,
AND CAPITAL ONE BANK (USA) N.A., DEFENDANT.
(ACTION NO. 2.)
------------------------------------------
S.N.P. ASSOCIATES RETIREMENT PLAN, INC.,
PLAINTIFF-APPELLANT,

                V

GEORGE R. PHELPS, STANFORD N. PHELPS,
DEFENDANTS-APPELLANTS,
LISA B. PHELPS, DEFENDANT-RESPONDENT,
AND CAPITAL ONE BANK (USA) N.A., DEFENDANT.
(ACTION NO. 3.)

---

NIXON PEABODY LLP, ROCHESTER (DAVID H. TENNANT OF COUNSEL), FOR
PLAINTIFF-APPELLANT ELIZABETH R. PHELPS, DEFENDANT-APPELLANT STANFORD
N. PHELPS AND THIRD-PARTY DEFENDANTS-APPELLANTS.

DAVIDSON FINK LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR
DEFENDANT-APPELLANT GEORGE R. PHELPS.

INCLIMA LAW FIRM, PLLC, ROCHESTER (CHARLES P. INCLIMA OF COUNSEL), FOR

THIRD-PARTY PLAINTIFF-RESPONDENT AND DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeals from a judgment (denominated order) of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered January 14, 2014. The judgment, among other things, granted the motion of Lisa B. Phelps for summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying that part of the motion of third-party plaintiff-defendant Lisa B. Phelps seeking a declaration in action No. 1 that a mortgage instrument executed in 1997 is null and void and by reinstating the complaint in action No. 2, and as modified the judgment is affirmed without costs.

Memorandum:  George R. Phelps, plaintiff in action No. 1, and Lisa B. Phelps, defendant in action No. 1, were married in 1991.  In 2011, George R. Phelps initiated a divorce action.  Lisa B. Phelps thereafter commenced a third-party action against her husband's parents, Stanford N. Phelps and Elizabeth R. Phelps, and S.N.P. Associates Retirement Plan, Inc. (collectively, third-party defendants), seeking, inter alia, a declaration that two intra-family transactions alleged by third-party defendants to be loans made to George R. Phelps and Lisa B. Phelps, secured by mortgages on the marital residence, were actually gifts.  One alleged loan was made in 1992 by S.N.P. Associates Retirement Plan, Inc. (hereafter, SNP).  The other alleged loan was made by Elizabeth R. Phelps in 1997.

Elizabeth R. Phelps thereafter commenced an action against George R. Phelps, Lisa B. Phelps, Stanford N. Phelps and Capital One Bank, (USA), N.A. (Capital One), to foreclose the mortgages securing the 1997 alleged loan (action No. 2), and SNP did the same with respect to the mortgage securing the 1992 alleged loan (action No. 3).  Capital One was named in both of those actions as a subordinate judgment lienholder.

Following discovery, Elizabeth R. Phelps moved for summary judgment seeking a judgment of foreclosure in action No. 2, and Lisa B. Phelps thereafter moved for summary judgment on the third-party complaint in action No. 1 declaring that the mortgages are null and void and for summary judgment dismissing the complaint against her in action Nos. 2 and 3.  Supreme Court denied the motion of Elizabeth R. Phelps in action No. 2 and granted the motion of Lisa B. Phelps in action No. 1, declaring that the funds advanced to her by Elizabeth R. Phelps were a gift and thus that the mortgage instrument executed in 1997 is null and void as against her interest in the marital residence, and the court therefore dismissed the complaint in action No. 2 against her.  In action No. 3, the court declared the mortgage instrument executed in 1992 to be null and void as against the interest of Lisa B. Phelps in the marital residence and dismissed SNP's complaint in its entirety on the ground that SNP was a nonexistent corporation and therefore lacked "standing" to commence action No. 3.

In these consolidated appeals, Elizabeth R. Phelps, Stanford N. Phelps and SNP appeal from the order in all three actions. George Phelps appeals with respect to the order in action Nos. 2 and 3.

We reject the contention of SNP, Stanford N. Phelps, George R. Phelps and Elizabeth R. Phelps with respect to action No. 3 that the court erred in concluding that SNP had no corporate existence and therefore lacked capacity, denominated "standing" by the court, to sue. Counsel for SNP correctly concedes that, in opposition to the motion of Lisa B. Phelps, no evidence was produced of any corporate formation or existence of "S.N.P. Associates Retirement Plan, Inc." at the time of the alleged mortgage loan, or at any time thereafter. Therefore, on this record we conclude that, at the time of the execution of the mortgage, SNP was at best a "purported entity" that could not acquire rights by contract or otherwise, or sue or be sued (*Kiamesha Dev. Corp. v Guild Props*., 4 NY2d 378, 389; *see 442 Decatur St., LLC v Spheres Realty, Inc*., 14 AD3d 535, 535-536). Inasmuch as SNP failed to make a motion to reform the pleadings to identify Stanford N. Phelps as the alleged real party in interest and did not make such argument in its opposition papers to the motion, SNP's contention in this respect is not preserved for our review (*see generally Cavalry Invs., LLC v Kass*, 19 Misc 3d 128[A], *1).

We agree, however, with Stanford N. Phelps, George R. Phelps and Elizabeth R. Phelps that, with respect to actions Nos. 2 and 3, the court erred in applying burden-shifting and substantive principles developed under Federal Tax Law, rather than New York common law, to conclude that the intra-family transactions at issue were gifts rather than bona fide and enforceable loan and mortgage transactions. "It is axiomatic that Supreme Court is bound to apply the law as promulgated by the Appellate Division within its particular Judicial Department (McKinney's Cons Laws of NY, Book 1, Statutes § 72 [b]), and where the issue has not been addressed within the Department, Supreme Court is bound by the doctrine of stare decisis to apply precedent established in another Department, either until a contrary rule is established by the Appellate Division in its own Department or by the Court of Appeals" (*D'Alessandro v Carro*, 123 AD3d 1, 6; *see Mountain View Coach Lines v Storms*, 102 AD2d 663, 664-665). In contrast to the burden-shifting approach under Federal Tax Law principles, it is well settled under the common law of this State that a party claiming that a transfer is a gift has the burden of proof by clear and convincing evidence that the gift was made with the requisite donative intent (*see Gruen v Gruen*, 68 NY2d 48, 53; *Matter of Abramowitz*, 38 AD2d 387, 392-393, *affd* 32 NY2d 654; *Matter of Rinchiuso*, 20 AD2d 254, 255-256).

Applying the above principles, we conclude that the court properly denied the motion for summary judgment of Elizabeth R. Phelps in action No. 2 but erred in granting that part of the motion for summary judgment of Lisa B. Phelps in action No. 1 declaring that the 1997 alleged loan and mortgage instrument was null and void as against her and, in action No. 2, dismissing the complaint against her. We therefore modify the judgment accordingly. We conclude that, in action No. 2, Elizabeth R. Phelps established the presumptive validity of the 1997 mortgage instrument (*see Artigas v Renewal Arts Realty*

*Corp.*, 22 AD3d 327, 328); however, the submissions of Lisa B. Phelps, in support of her own motion and in opposition to that of Elizabeth R. Phelps, raised issues of fact whether the 1997 loan and mortgage documents were part of a "sham" transaction in which the alleged loan was never intended to be repaid (*see Dayan v Yurkowski*, 238 AD2d 541, 541-542; *Lombard & Co. v De La Roche*, 235 AD2d 333, 334; *Paolangeli v Cowles*, 208 AD2d 1174, 1175; *see also Bernstein v Kritzer*, 253 NY 410, 416-417).  We further conclude that, even assuming, arguendo, that Lisa B. Phelps established her entitlement to judgment in action No. 1 that the purported loan was a gift, third-party defendants and George R. Phelps raised issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  May 8, 2015                        Frances E. Cafarell
                                             Clerk of the Court