Remet Corp. v Estate of Pyne (2019 NY Slip Op 00776)





Remet Corp. v Estate of Pyne


2019 NY Slip Op 00776


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1253 CA 18-00428

[*1]REMET CORPORATION, PLAINTIFF-APPELLANT,
v
ESTATE OF JAMES R. PYNE, KATHERINE B. PYNE, INDIVIDUALLY, AND AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF JAMES R. PYNE, AND AS TRUSTEE OF THE LAST WILL AND TESTAMENT OF JAMES R. PYNE, EDWARD R. WIEHL, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF JAMES R. PYNE, AND AS TRUSTEE OF THE TRUST ESTABLISHED UNDER PARAGRAPH THIRD OF THE LAST WILL AND TESTAMENT OF JAMES R. PYNE, AND J.P. MORGAN ESCROW SERVICES, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 






HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), AND TROUTMAN SANDERS, CHICAGO, ILLINOIS, FOR PLAINTIFF-APPELLANT. 
NEIL M. GINGOLD, FAYETTEVILLE, FOR DEFENDANTS-RESPONDENTS.


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered October 3, 2017. The judgment, among other things, granted defendants' motion for partial summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: We affirm the order in appeal No. 1 and the judgment in appeal No. 2 for reasons stated in the decisions at Supreme Court. We add only that plaintiff improperly contends, for the first time on appeal, that it is entitled under the provisions of Section 8.1 (a) (ii) of the operative Purchase and Sale Agreement to indemnification for the attorneys' fees it has incurred in prosecuting this action for indemnification (Remet Corp. v Estate of Pyne, 26 NY3d 58 [2015]; see generally Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). "It is well settled that [a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance' " (Ciesinski, 202 AD2d at 985). Here, there is a possibility that defendants, through either proof or legal countersteps, could have refuted or overcome plaintiff's newly raised theory of recovery had it been presented at the appropriate time (see Oram, 206 AD2d at 840; Ciesinski, 202 AD2d at 985).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court