Solvay Bank v Feher Rubbish Removal, Inc. (2020 NY Slip Op 05397)





Solvay Bank v Feher Rubbish Removal, Inc.


2020 NY Slip Op 05397


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ.


834 CA 19-01554

[*1]SOLVAY BANK, PLAINTIFF-RESPONDENT,
v
FEHER RUBBISH REMOVAL, INC., AND LARRY FEHER, DEFENDANTS-APPELLANTS. RONALD TEPLITSKY, AS TEMPORARY RECEIVER, RESPONDENT. 






WOODRUFF LEE CARROLL, SYRACUSE, FOR DEFENDANTS-APPELLANTS.
BARCLAY DAMON LLP, SYRACUSE (TERESA M. BENNETT OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 1, 2019. The order, among other things, granted the motion of Ronald Teplitsky to settle and approve his accounts as temporary receiver. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal from an order granting the motion of the temporary receiver by, inter alia, settling and approving the receiver's accounts and directing the disbursement of funds. Although defendants raised several contentions in their brief on appeal, they withdrew all but one contention. With respect to that remaining contention, the sole ground upon which defendants assert that Supreme Court erred in approving the order of payment by the receiver is raised for the first time on appeal and thus not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]; see also Radio Eng'g Indus., Inc. v York, 14 AD3d 893, 894 [3d Dept 2005]). "An issue may not be raised for the first time on appeal . . . where[, as here,] it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]; see Lowe's Home Ctrs., Inc. v Beachy's Equip. Co., Inc., 49 AD3d 1213, 1214-1215 [4th Dept 2008], lv denied 10 NY3d 715 [2008]). The contentions raised for the first time in defendants' reply brief are likewise not properly before us (see Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5
NY3d 702 [2005]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court