Harriger v State of New York (2022 NY Slip Op 04239)

Harriger v State of New York

2022 NY Slip Op 04239

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

258 CA 21-00943

[*1]ROY HARRIGER, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 126681.) 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SIVIN, MILLER & ROCHE LLP, NEW YORK CITY (EDWARD SIVIN OF COUNSEL), FOR CLAIMANT-RESPONDENT.

 Appeal from a judgment of the Court of Claims (Renee Forgensi Minarik, J.), entered December 18, 2020. The judgment awarded claimant money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from a judgment in favor of claimant on his claims for assault and unwarranted use of excessive force, defendant contends that it cannot be held liable under the doctrine of respondeat superior for the acts of the unidentified correction officer who assaulted claimant because the correction officer acted outside the scope of his employment. Defendant correctly concedes that its contention is not preserved for our review because defendant did not raise it in the Court of Claims (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). Defendant argues, however, that in light of claimant's testimony that he was the victim of an unprovoked assault, the issue whether the correction officer acted outside the scope of his employment falls squarely within the exception to the preservation rule because it involves a question of law appearing on the face of the record that could not have been avoided by the opposing party if brought to that party's attention in a timely manner (see Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]). Even assuming, arguendo, that defendant did not waive that contention by expressly declining to argue that any correction officer was acting outside the scope of his or her employment (see generally Matter of Antoinette C. v County of Erie, 202 AD3d 1464, 1467-1468 [4th Dept 2022]), we reject it. An issue may not be raised for the first time on appeal where "it could have been obviated or cured by factual showings or legal countersteps in the trial court" (Solvay Bank v Feher Rubbish Removal, Inc., 187 AD3d 1596, 1596 [4th Dept 2020] [internal quotation marks omitted]). "Whether an employee acted within the scope of employment is a fact-based inquiry" (Rivera v State of New York, 34 NY3d 383, 390 [2019]). Contrary to defendant's contention, although the court credited claimant's testimony that an assault took place, it explicitly refrained from making a determination as to the reason behind the assault of claimant. As the Court of Appeals has stated, "correction officers at times use excessive force. Such conduct will not fall outside the scope of employment merely because it violates department rules or policies or crosses the line of sanctioned conduct" (id. at 391). Because defendant's contention "could have been obviated or cured by factual showings or legal countersteps in the trial court" (Oram, 206 AD2d at 840 [internal quotation marks omitted]), preservation of the contention was required. We have considered defendant's alternative argument regarding preservation and conclude that it is without merit.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court