Sabine v State of New York (2023 NY Slip Op 01455)

Sabine v State of New York

2023 NY Slip Op 01455

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1057 CA 22-00092

[*1]MICHAEL SABINE, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 125759.) 

KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR DEFENDANT-RESPONDENT.
POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR NEW YORK STATE ACADEMY OF TRIAL LAWYERS, AMICUS CURIAE. 

 Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered December 22, 2021. The judgment awarded claimant money damages of $550,000.00 plus interest. 
It is hereby ORDERED that the judgment so appealed from is affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries he allegedly sustained in a motor vehicle accident that occurred when a truck owned by defendant and driven by one of its employees collided with the vehicle that claimant was driving. Claimant moved for, inter alia, partial summary judgment on the issue of "liability." The Court of Claims initially denied the motion insofar as it sought partial summary judgment, because, inter alia, the court concluded that defendant raised a triable issue of fact whether claimant was comparatively negligent. Claimant moved for leave to renew his motion for partial summary judgment, based on the decision of the Court of Appeals in Rodriguez v City of New York (31 NY3d 312 [2018]), and the court granted claimant's motion to renew and, on renewal, granted claimant's motion for partial summary judgment on the issue of negligence. Following a bench trial, the court determined, inter alia, that claimant had established that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) and awarded him $550,000.00 in damages. Claimant now appeals from that part of a judgment that calculated the award of prejudgment interest from "the date of [the] decision establishing serious injury and damages . . . instead of the date that common-law liability attached by summary judgment in [c]laimant's favor." We affirm.
Claimant contends that the prejudgment interest in this automobile accident case should have run from the date of a "decision awarding common-law liability." Initially, we note that, even assuming, arguendo, that claimant failed to preserve his contention for our review, his contention falls within a recognized "exception to the preservation rule" and therefore preservation of the contention was not required (Harriger v State of New York, 207 AD3d 1045, 1046 [4th Dept 2022]). Specifically, claimant raises "[a] question of law appearing on the face of the record [that] may be raised for the first time on appeal [inasmuch as] it could not have been avoided by the opposing party if brought to that party's attention in a timely manner" (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]). The contention represents a purely legal issue that could not "have been obviated or cured by factual showings or legal countersteps in the trial court" (id. [internal quotation marks omitted]), related to the law in this Department with respect to the calculation of prejudgment interest in automobile accident cases.
Nevertheless, we reject claimant's contention. Under CPLR 5002, prejudgment interest begins to run from the date on which a "defendant's obligation to pay [a] plaintiff is established, and the only remaining question is the precise amount that is due" (Love v State of New York, 78 NY2d 540, 544 [1991]; see Manzano v O'Neil, 298 AD2d 829, 830 [4th Dept 2002]). "By enacting the No-Fault Law, the Legislature modified the common-law rights of persons injured in automobile accidents . . . to the extent that plaintiffs in automobile accident cases no longer have an unfettered right to sue for injuries sustained" (Licari v Elliott, 57 NY2d 230, 237 [1982]; see Insurance Law article 51). As a result, "[a] defendant is not liable for noneconomic loss under Insurance Law § 5104 (a) unless the plaintiff proves that he or she sustained a serious injury" (Ruzycki v Baker, 301 AD2d 48, 51 [4th Dept 2002]; see Insurance Law § 5102 [d]). Thus, "the issue of serious injury must be decided either by the court as a matter of law or by the trier of fact before a defendant will be held liable for damages for a plaintiff's noneconomic loss" (Ruzycki, 301 AD2d at 51). Here, claimant's pretrial motions sought summary judgment on the issue of "liability" without raising the issue of serious injury, and the court properly concluded that the relief sought was on the issue of negligence and granted summary judgment on that issue alone (see id.). Defendant's obligation to pay damages to claimant was not established "until the issue of causation with respect to [claimant's] injuries was resolved . . . and '[claimant] prove[d] at trial that [claimant] sustained a serious injury' " (Manzano, 298 AD2d at 830; see DePetres v Kaiser, 244 AD2d 851, 852 [4th Dept 1997]). The court was bound to apply the law as promulgated by this Court (see Phelps v Phelps, 128 AD3d 1545, 1547 [4th Dept 2015]). The court therefore properly calculated the award of prejudgment interest from the date of the decision determining, inter alia, that claimant sustained a serious injury.
All concur except Curran, and Ogden, JJ., who concur in the result in the following memorandum: We concur in the result inasmuch as we conclude that claimant's sole contention on appeal—concerning the accrual date for the calculation of prejudgment interest—is unpreserved for our review, requiring that we affirm the judgment (see Panaro v Athenex, Inc., 207 AD3d 1069, 1070 [4th Dept 2022]; Jones v Brilar Enters., 184 AD2d 1077, 1078 [4th Dept 1992]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). The majority assumes that the issue is unpreserved but reaches the merits of claimant's contention through application of an exception to the preservation rule (see Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]). In other words, on this appeal as of right from a final judgment (see CPLR 5701 [a] [1]), the majority is not limiting this Court's scope of review to those matters brought up for review pursuant to CPLR 5501 (a). We respectfully disagree with the majority to the extent that it elects to address an unpreserved issue of statewide interest inasmuch as it does nothing more than adhere to this Court's well-settled and decades-long precedent on that particular issue (see generally Ruzycki v Baker, 301 AD2d 48, 51 [4th Dept 2002]). In short, under the circumstances of this case, we disagree with the majority's decision to invoke what should be a very rare exception to rules of preservation only just to double down on our long-standing precedent. Indeed, by reaching claimant's contention challenging that precedent, the majority fails to fully recognize that the policy reasons underlying the preservation rule, and the rarity of times when we except from it, are "especially acute when the new issue seeks change in a long-established common-law rule," as is the case here (Bingham v New York City Tr. Auth., 99 NY2d 355, 359 [2003]).
Even though it appears that this Court's precedent governing claimant's contention directly conflicts with precedent in other departments (compare Ruzycki, 301 AD2d at 51, with Van Nostrand v Froehlich, 44 AD3d 54, 55, 59 [2d Dept 2007], appeal dismissed 10 NY3d 837 [2008]), we note that, under the circumstances of this case, the Court of Appeals likely will not review the issue because it was not raised before the Court of Claims (see Telaro v Telaro, 25 NY2d 433, 438-439 [1969]; see generally Arthur Karger, Powers of the New York Court of Appeals § 14:1 [3d ed rev, Aug. 2022 update]), and would decline to resolve the conflict based on this appeal. Consequently, we see no reason to reach claimant's unpreserved contention merely to reiterate our settled precedent. We accordingly concur in the result only.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court