■ MANHASSET BAY ASSOCIATES, Appellant, v TOWN OF NORTH HEMPSTEAD et al., Defendants, and PORT WASHINGTON WATER POLLUTION CONTROL DISTRICT et al., Respondents.—In an action, *inter alia,* for a judgment declaring the existence of a perpetual easement and for a preliminary injunction, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated March 4, 1988, which denied its motion for a preliminary injunction, and (2) an order of the same court, dated July 20, 1988, which granted the motion of the respondents Port Washington Water Pollution Control District, Robert W. Vogt, Richard A. Marra, and Donald A. Kurz for summary judgment dismissing the complaint as against them.

Ordered that the appeal from the order dated March 4, 1988 is dismissed as academic; and it is further,

Ordered that the order dated July 20, 1988 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In 1952, the plaintiff's predecessor in interest entered into a contract with the Village of Manorhaven, the Village of Port Washington North, and the County of Nassau, whereby the municipalities granted it an easement to lay a force main on their property and under certain streets up to the property line of the defendant Port Washington Water Pollution Control District. The plaintiff's predecessor also entered into a series of service contracts with the District, the last of which expired on September 30, 1962. Pursuant to these contracts the District undertook to install sewer pipes from its sewage treatment facility to the predecessor's force main. The District would then accept sanitary sewage pumped from the predecessor's premises for the purpose of treatment at its sewage treatment facility. After the expiration of the last service contract in 1962 no further written contracts were entered into, but sewage was and continues to be, pumped from the premises which are now owned by the plaintiff, for treatment at the District's sewage treatment plant.

In July 1986, the District advised the plaintiff of its intention to "eliminate the pumping station" connected to the plaintiff's property. In May 1987, the plaintiff commenced the

instant action, contending that it had obtained an express easement as a result of the 1952 agreement or, in the alternative, that it had obtained an easement by prescription. It also moved for an order granting a preliminary injunction restraining the respondents from disconnecting the force main from its property line during the pendency of the action. The court denied the plaintiff's motion for injunctive relief by order dated March 4, 1988, and subsequently granted the respondents' motion for summary judgment dismissing the complaint by order dated July 20, 1988. This appeal ensued. The plaintiff contends that the court erred in denying its motion for a preliminary injunction. The plaintiff further contends that there is a question of fact as to whether it has obtained an express easement or an easement by prescription and, therefore, that summary judgment was inappropriate. We disagree.

As the Supreme Court noted, an easement always implies an interest in the land in and over which it is to be enjoyed (see, Evans v Taraszkiewicz, 125 AD2d 884; Todd v Krolick, 96 AD2d 695). In the instant case, the various service contracts, the last of which expired in 1962, merely provided that the District would accept and treat sanitary sewage pumped from the premises now owned by the plaintiff for a fee. Quite apart from the fact that the contracts have expired barring the plaintiff's reliance thereon, it is manifest that the contracts did not convey any interest in land. The aforementioned easement, which the plaintiff's predecessor in interest obtained from the municipalities in 1952, is separate and independent of the service contracts. The plaintiff cannot obtain a right to have the District perform sewer service in perpetuity through an express or prescriptive easement. Thus, there were no questions of fact warranting a trial and the court correctly granted summary judgment in favor of the respondents.

In view of the foregoing determination, the appeal from the order dated March 4, 1988, which denied the plaintiffs' motion for a preliminary injunction, is academic. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.