■ GALLAGHER REMOVAL SERVICE, INC., Appellant, v JOHN DUCHNOWSKI, Individually and as Executor of ANTHONY DUCHNOWSKI, Deceased, Respondent

The plaintiff, Gallagher Removal Services (hereinafter Gallagher), commenced the instant action against John Duchnowski in his individual capacity, as the Executor of the Estate of Tony Duchnowski, and as the Administrator of the Estate of Alexandra Duchnowski for specific performance of an option to purchase property known as 18 Roosevelt Avenue, in Roslyn, for $14,000. In the alternative, the plaintiff sought damages arising from the defendant's rejection of Gallagher's attempt to exercise its option to purchase the property. In addition, Gallagher filed a notice of pendency against 18 Roosevelt Avenue.

The defendant subsequently moved for summary judgment dismissing the complaint and canceling the notice of pendency filed against the property. The Supreme Court granted the defendant's motion on the ground that the option agreement had terminated by the time Gallagher attempted to exercise it.

The option agreement, which was made in 1962, provided that it would no longer be of force or effect upon the termination of Gallagher's "present business activities". In 1962, Gallagher's business activities included the servicing of several rubbish routes on Long Island, with over 5,200 residential and 250 commercial customers, coupled with the employment of 10 garbage trucks and 20 employees. By the time Gallagher attempted to exercise the option agreement in 1986, it had ceased its rubbish removal activities as they existed in 1962. While Gallagher did operate a one-route, one-truck rubbish removal service in New Hampshire at that time, this was not equivalent to its business activities in 1962. Moreover, Gallagher did not commence this New Hampshire business until 1980, 18 years after the parties had entered into the option.

In light of the circumstances, we find that the termination clause of the contract was not ambiguous, and that the Su-

preme Court properly determined as a matter of law that the option was no longer of force or effect at the time Gallagher attempted to exercise it *(see,* 22 NY Jur 2d, Contracts, § 189; *Zuckerman v City of New York,* 49 NY2d 557, 562). We have reviewed Gallagher's remaining contentions, and agree with the Supreme Court that no issues of fact were raised which would preclude the granting of summary judgment. Moreover, upon granting summary judgment in favor of the defendant, the court properly cancelled the notice of pendency filed by Gallagher *(see,* CPLR 6501). Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.