■■■ JOHN D. HACKETT, Respondent, v BENJAMIN DRIVER, Appellant. [718 NYS2d 553] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of plaintiff's motion at the close of proof seeking a directed verdict on the issue of liability. Contrary to defendant's contention, there is no evidence that plaintiff could have taken any action to avoid the collision (*cf., Damerau v Johnson,* 265 AD2d 927). The court also properly granted that part of plaintiff's motion seeking a directed verdict on the issue of serious injury (*see,* Insurance Law § 5102 [d]). Defendant contends that his expert did not concede that plaintiff's shoulder injury was permanent or significant. We disagree. Although defendant's expert testified that further surgery could restore the range of motion of plaintiff's shoulder, he further testified that plaintiff's "impingement syndrome" is a painful condition that is permanent. He testified that plaintiff has a "mild, partial disability" and described that disability as a "significant limitation on the use of [plaintiff's] arm." "Permanent loss does not require proof of a total loss of an organ, member or function,

but only proof that it operates in some limited way or operates only with persistent pain" (*Countermine v Galka*, 189 AD2d 1043, 1045; *see, Paolini v Sienkiewicz*, 262 AD2d 1020; *Ottavio v Moore*, 141 AD2d 806, 807, *lv denied* 73 NY2d 704). Thus, there was no difference of opinion among the parties' medical experts with respect to permanency, and the court properly determined as a matter of law that plaintiff sustained a serious injury. Finally, defendant's contention that there was evidence that plaintiff's shoulder injury was not related to the accident is not preserved for our review. (Appeal from Order of Supreme Court, Cattaraugus County, Cosgrove, J.—Directed Verdict.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.