GERALD L. STEVENS et al., Respondents, v GRACE A. MAIMONE et al., Appellants. (Appeal No. 1.) [775 NYS2d 708]—

Appeals from a judgment of the Supreme Court, Niagara County (Joseph D. Mintz, J.), entered June 3, 2003. The judgment was entered, upon a jury verdict, in favor of plaintiff Gerald L. Stevens against defendants in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Gerald L. Stevens (plaintiff) in a three-vehicle accident on Interstate 190. Supreme Court properly denied the motion of defendant Grace A. Maimone for judgment as a matter of law pursuant to CPLR 4401 based on her contention that she is not liable because her conduct was not a proximate cause of the accident. "A motion for judgment as a matter of law should be granted only if, upon viewing the evidence in the light most favorable to the nonmoving party, the trial court finds that 'there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party' " (*Sauer v Diaz,* 300 AD2d 1136, 1136 [2002], quoting *Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). Here, there is a rational process by which the jury could have found that Maimone was negligent in stopping in the right travel lane of the interstate highway and that her "negligence was a substan-

tial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see also Betancourt v Manhattan Ford Lincoln Mercury,* 195 AD2d 246, 249-250 [1994], *appeal dismissed* 84 NY2d 932 [1994]). The court properly instructed the jury with respect to proximate cause (*see* PJI3d 2:70) and denied Maimone's request to charge with respect to proximate cause. A fair interpretation of the evidence supports the jury's apportionment of fault among the parties (*see Murphy v Columbia Univ.,* 4 AD3d 200 [2004]), and thus the court properly denied the motion of defendant George A. Newman, Jr. to set aside the verdict on liability as against the weight of the evidence. We reject Newman's contention that the award of damages for past and future pain and suffering and future lost wages deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946 [2000]; *Barrowman v Niagara Mohawk Power Corp.,* 252 AD2d 946, 948 [1998], *lv denied* 92 NY2d 817 [1998]).

Finally, we reject the contentions of both defendants that the court erred in granting plaintiffs' motion seeking a directed verdict on the issue whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Harwood v Hinds,* 295 AD2d 949 [2002]; *Hackett v Driver,* 278 AD2d 914 [2000]). The uncontroverted testimony of plaintiff and plaintiffs' medical expert was sufficient to permit the court to determine as a matter of law that plaintiff's back injuries have resulted in a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system (*see* § 5102 [d]; *Chin v Kaplan,* 280 AD2d 892 [2001]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.