◼ DAYQUON KETTLES, an Infant, by His Natural Mother and Guardian, CHRISTINA SMITH, Appellant, v CITY OF ROCHESTER et al., Respondents. [802 NYS2d 572]—

Appeal from a judgment of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered September 9, 2004 in a personal injury action. The judgment, upon a jury verdict, dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, by his mother, commenced this action seeking damages for injuries he sustained when he was struck by a police vehicle driven by defendant Brian Cala, a police officer for defendant City of Rochester. At the time of the collision, Cala was responding to a call to back up another officer, and his vehicle struck the seven-year-old plaintiff when plaintiff ran into the street in order to avoid a dog. It is undisputed that Cala was driving in excess of the posted speed limit of 30 miles per hour and that the lights and sirens on the police vehicle were activated. It is also undisputed that the street on which Cala was driving is primarily a commercial street but that there are residences on the street in the vicinity of the collision. At trial, Cala testified that he removed his foot from the accelerator when he observed children on the sidewalk and that, when he saw plaintiff run into the street, he "slammed" on his brakes and steered the vehicle into the opposite lane in an attempt to avoid striking plaintiff. An eyewitness testified that plaintiff was in the middle of the street when he was struck by the police vehicle. Plaintiff's accident reconstruction expert testified that, in his opinion, Cala was traveling at a speed of between 61 and 65 miles per hour when he applied his brakes and that, had he been traveling at a speed of approximately 54 miles per hour or less, he would have been able to bring the vehicle to a stop before striking plaintiff. The jury rendered a verdict in favor of defendants, finding that Cala did not act in reckless disregard for plaintiff's safety.

Supreme Court properly denied plaintiff's posttrial motion pursuant to CPLR 4404 seeking to set aside the verdict as against the weight of the evidence. Contrary to plaintiff's contention, the preponderance of the evidence in favor of plaintiff is not so great that the verdict could not have been reached upon any fair interpretation of the evidence, nor is the verdict palpably wrong or irrational (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Vacca v Valerino, 16 AD3d 1159, 1160 [2005]; Manna v Hubbard, 254 AD2d 693 [1998]).

Plaintiff further contends that, in response to the jury's note received during deliberations stating, "need definition of Reckless Disregard," the court erred in reading the portion of its charge that defined "reckless disregard" without including that part of the original charge setting forth the factors the jury may consider in determining whether Cala acted in reckless disregard for the safety of others. We reject that contention. We conclude that the court provided a proper response to the jury's

request and "was not required to reread [that part] of its comprehensive charge" on reckless disregard (*Gutierrez v City of New York*, 288 AD2d 86, 86 [2001]).

We reject plaintiff's further contention that the court abused its discretion in granting defendants' motion in limine seeking to preclude the testimony of an expert that, in his opinion, Cala's actions amounted to reckless disregard for the safety of others. The determination whether to permit expert testimony "is a mixed question of law and fact addressed primarily to the discretion of the trial court" (*Selkowitz v County of Nassau*, 45 NY2d 97, 101-102 [1978]), and "[t]he guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307 [1983]). That principle "applies to expert testimony 'regarding both the ultimate questions and those of lesser significance' " (*Sanders v Otis El. Co.*, 232 AD2d 327, 328 [1996], *lv denied* 89 NY2d 813 [1997]), and thus the fact that the expert's opinion concerned the ultimate factual determination to be reached by the jury is not dispositive of the issue concerning its admissibility. Nevertheless, although the proper procedures to be followed by police officers in emergency response situations are not within the ken of the typical juror, here, the policy of the City of Rochester Police Department outlining those procedures was in evidence and the policy was set forth in terms easily understood by the typical juror (*cf. Selkowitz*, 45 NY2d at 102-103). We have reviewed plaintiff's remaining contention and conclude that it is without merit. Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.