■ RB HEMPSTEAD, LLC, Appellant, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents. [824 NYS2d 407]—

In an action, inter alia, for specific performance of a contract for the sale of real property, and to permanently enjoin the defendants from accepting or opening any proposals or bids for the sale and development of a particular parking field, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Austin, J.), dated January 13, 2005, which denied its motion for a preliminary injunction and (2), as limited by its brief, from so much of an order and judgment (one paper) of the same court entered March 29, 2005, as granted the motion of the defendant Incorporated Village of Hempstead pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, dismissed the complaint insofar as asserted against the defendant Incorporated Village of Hempstead and, in effect, granted the separate motion of the defendant Incorporated Village of Hempstead to vacate a notice of pendency.

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent Incorporated Village of Hempstead.

On its motion to dismiss, the defendant Incorporated Village of Hempstead (hereinafter the Village) provided evidence that clearly established that the plaintiff failed to assert causes of action against it for specific performance and a permanent injunction (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; CPLR 3211 [a] [7]). The plaintiff essentially alleged, inter alia,

that a contract it had entered into with the defendant Incorporated Village of Hempstead Community Development Agency (hereinafter the CDA), which involved the sale of a Village-owned parking field, was enforceable. However, the CDA, which never actually acquired the parking field (*see* General Municipal Law § 555 [1] [a], [c]; § 556), and which never obtained the Village's Board of Trustees' explicit approval for the sale (*see* Village Law § 4-412 [1] [a]; *cf.* General Municipal Law § 507 [2] [d] [2]; § 556 [2]; *Town of Babylon v Racanelli Assoc.*, 171 AD2d 741, 742 [1991]), did not have the authority to sell the parking field. Thus, so much of the contract as pertained to the sale of the parking field is unenforceable (*see Kelly v Cohoes Hous. Auth.*, 27 AD2d 463, 465 [1967], *affd* 23 NY2d 692 [1968]).

Accordingly, the Supreme Court correctly granted the Village's motion to dismiss the causes of action against it for specific performance and a permanent injunction. Furthermore, upon granting that motion, the court properly granted the Village's separate motion to vacate a notice of pendency that the plaintiff had filed with respect to the parking field (*see Gallagher Removal Serv. v Duchnowski*, 179 AD2d 622, 623 [1992]).

The plaintiff's remaining contentions are either academic in light of our determination (*see Manhasset Bay Assoc. v Town of N. Hempstead*, 150 AD2d 533 [1989]), or without merit. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.