■ DEANNA M. KMIOTEK, Appellant-Respondent, v GENE M. CHABA et al., Respondents-Appellants. [875 NYS2d 670]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered November 13, 2007 in a personal injury action. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting the post-trial motion and setting aside the verdict with respect to damages for past and future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past and future pain and suffering only unless defendants, within 20 days of service of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $75,000 and for future pain and suffering to $150,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals and defendants cross-appeal from a judgment awarding plaintiff damages for past pain and suffering in the amount of $35,000 and future pain and suffering in the amount of $40,000 over her remaining life expectancy of 40 years for injuries she sustained to her lumbar spine in a motor vehicle accident. Addressing first the cross appeal, we reject defendants' contention that Supreme Court erred in directing a verdict on the issue of serious injury (*see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The uncontroverted medical evidence established that plaintiff sustained an annular tear and herniated discs at L4-5 and L5-S1 that required surgery. Plaintiff thus established that she sustained a permanent consequential limitation of use of her back and a significant limitation of use of her back within the meaning of Insurance Law § 5102 (d). We have reviewed defendants' remaining contention and conclude that it is without merit.

With respect to the appeal, we reject the contention of plaintiff that she was denied a fair trial based on the allegedly improper remarks of defendants' attorney during his summation. "Although those remarks were arguably improper, they did not constitute a pattern of behavior designed to divert the attention of the jurors from the issues at hand" (*Krumpek v Millfeld Trading Co.* [appeal No. 3], 272 AD2d 879, 881 [2000]; *cf. Kennedy v Children's Hosp. of Buffalo* [appeal No. 3], 288 AD2d 918 [2001]). We agree with plaintiff, however, that the court erred in denying her post-trial motion to set aside the verdict on dam-

ages for past and future pain and suffering. In our view, that award of damages deviates materially from what would be reasonable compensation for the injuries sustained by plaintiff (*see generally* CPLR 5501 [c]), and we conclude that $75,000 for past pain and suffering and $150,000 for future pain and suffering are the minimum amounts the jury could have awarded as a matter of law based on the evidence at trial (*see generally Orlikowski v Cornerstone Community Fed. Credit Union*, 55 AD3d 1245, 1247 [2008]). We therefore modify the judgment accordingly, and we grant a new trial on damages for past and future pain and suffering only unless defendants, within 20 days of service of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $75,000 and for future pain and suffering to $150,000, in which event the judgment is modified accordingly. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.