◼ Kristine E. Short, Appellant, v Gerald Daloia et al., Respondents. (Appeal No. 2.) [894 NYS2d 790]—Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered November 3, 2008 in a personal injury action. The judgment dismissed the complaint upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger was allegedly struck by a vehicle owned by defendant Gerald Daloia and operated by defendant Bette Daloia. Plaintiff appeals from a judgment entered upon a jury verdict finding that Bette Daloia was not negligent. We reject the contention of plaintiff that Supreme Court erred in denying her post-trial motion for "[j]udgment notwithstanding the verdict[ ] or in the alternative a new trial" pursuant to CPLR 4404. In light of the paucity of direct evidence concerning the circumstances of the accident and the contradictory nature of the circumstantial evidence presented, we conclude that "the preponderance of the evidence in favor of plaintiff [was] not so great that the verdict could not have been reached upon any fair interpretation of the evidence, nor is the verdict palpably wrong or irrational" (*Kettles v City of Rochester*, 21 AD3d 1424, 1425 [2005]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Plaintiff failed to preserve for our review her further contention that the court erred in failing to include in its readback of the definition of negligence to the jury that portion of the jury charge pertaining to a statutory violation (*see generally Garris v K-Mart, Inc.*, 37 AD3d 1065 [2007]). In any event, that contention is without merit inasmuch as the court's readback was appropriately responsive to the jury's request for the definition of negligence (*see Kettles*, 21 AD3d 1424, 1425-1426 [2005]; *Gutierrez v City of New York*, 288 AD2d 86 [2001]).

Finally, plaintiff contends that she is entitled to a new trial based on the alleged misconduct of defendants' attorney during summation. Plaintiff failed to object to the majority of the com-

ments at issue and thus she failed to preserve for our review her contention with respect to those comments (*see Dailey v Keith*, 306 AD2d 815, 816 [2003], *affd* 1 NY3d 586 [2004]; *Wiepert v Manchester*, 298 AD2d 947 [2002]). With respect to the comments to which plaintiff objected, we conclude that they neither " 'divert[ed] the attention of the jurors from the issues at hand' " (*Kmiotek v Chaba*, 60 AD3d 1295, 1296 [2009]), nor had any likely effect on the jury's verdict (*see Wilson v City of New York*, 65 AD3d 906, 908 [2009]). Present—Smith, J.P., Carni, Pine and Gorski, JJ.