■ WILLIAM ALVARO, Plaintiff, v JOHN FARACCO, Defendant/Counterclaim Plaintiff-Respondent, et al., Defendant. BELLOWS HOLDING AND MANAGEMENT, LLC, Additional Counterclaim Defendant-Appellant. [927 NYS2d 366]—

In an action, inter alia, for declaratory relief, the additional counterclaim defendant, Bellows Holding and Management, LLC, appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 22, 2010, as granted the motion of the defendant/counterclaim plaintiff, John Faracco, to extend, for an additional three years, the duration of two notices of pendency, both filed January 29, 2007, against the two subject properties and denied that branch of its cross motion which was to cancel the notices of pendency.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the additional counterclaim defendant, Bellows Holding and Management, LLC, which was to cancel the notices of pendency is granted, the motion of the defendant/counterclaim plaintiff, John Faracco, to extend, for an additional three years, the duration of the subject notices of pendency is denied as academic, and the Suffolk County Clerk is directed to cancel the two notices of pendency filed January 29, 2007, against the properties listed in Schedule A of the respective notices of pendency.

The defendant/counterclaim plaintiff, John Faracco, asserted counterclaims seeking to set aside the alleged fraudulent conveyance of two parcels of real property from the plaintiff to the additional counterclaim defendant, Bellows Holding and Management, LLC (hereinafter Bellows). Faracco moved to extend the duration of two notices of pendency he had filed—one against each of the subject properties—for an additional three years. Bellows cross-moved to dismiss the counterclaims insofar as asserted against it and to cancel the notices of pendency. The Supreme Court, inter alia, granted Faracco's motion to extend the duration of the notices of pendency for an additional three years, and granted that branch of Bellows' cross motion which was to dismiss Faracco's counterclaims insofar as asserted

against it. The Supreme Court denied that branch of Bellows' cross motion which was to cancel the notices of pendency.

In an action to set aside an alleged fraudulent conveyance, the transferee of the subject property is a necessary party (*see Friedman v Friedman*, 125 AD2d 539, 541 [1986]). Accordingly, upon granting that branch of Bellows' cross motion which was to dismiss Faracco's counterclaims to set aside alleged fraudulent conveyances insofar as asserted against it, the Supreme Court should also have granted that branch of Bellows' cross motion which was to cancel the notices of pendency, since the action could no longer affect Bellows' title to the properties (*see* CPLR 6501; *RB Hempstead, LLC v Incorporated Vil. of Hempstead*, 34 AD3d 552 [2006]; *Gallagher Removal Serv. v Duchnowski*, 179 AD2d 622 [1992]), and Faracco's motion to extend, for an additional three years, the duration of the notices of pendency should have been denied. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.