Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 15, 2016. The order, inter alia, determined that the parties had a binding contract and directed defendants to resume making certain payments to plaintiff under the contract.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff is the sister of defendants David J. Pelusio, Sr. and Albert M. Pelusio, and together they operated various family businesses. Plaintiff commenced this action seeking, inter alia, an order for specific performance of her agreement with defendants pursuant to which they were to make payments to her in connection with their purchase of plaintiff’s interests in the family businesses. By the order in appeal No. 1, Supreme Court determined, inter alia, that the parties had a binding contract, that defendants shall resume payments to plaintiff under the contract and that, if defendants are unable to pay, they may make an application to suspend those payments. By the order and underlying decision in appeal No. 2, the court, inter alia, denied defendants’ motion to suspend their payments based on lack of funds but directed the parties to complete discovery immediately so that a hearing could be scheduled within 60 days to determine, among other things, defendants’ financial ability to pay under the contract. We granted defendants’ motion to consolidate the appeals, and we now affirm in both appeals.
 

 With respect to the order in appeal No. 1, we note that the court in its underlying decision wrote that it was “undisputed that the parties partially performed some of their respective obligations under the agreement” and partial performance can establish a binding agreement where one does not otherwise exist (see generally Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). On appeal, defendants contend that the agreement is not sufficiently definite to be enforceable and that it is void because it was entered into under mutual mistake. Defendants did not, however, address the issue of partial performance in their main brief on appeal and, in their reply brief, defendants contend that they performed under the contract because they were under duress. In our view, by failing to address the basis for the court’s decision in their main brief, defendants cannot be heard on their other contentions that were not the dispositive basis for the court’s decision, and they therefore have effectively abandoned any issue concerning partial performance on appeal (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Furthermore, we note that the basis for their duress contention was not raised before Supreme Court until their reply papers associated with their motion at issue in appeal No. 2.
 

 With respect to appeal No. 2, we reject defendants’ contention that the court erred in denying their motion to suspend payments. In our view, the court properly concluded that defendants failed to establish conclusively in support of their motion that they were financially unable to make the payments contemplated by the agreement, and therefore a hearing is necessary (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
 

 Present—Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.