Matter of Schwertfager v New York State Div. of Human Rights (2018 NY Slip Op 03289)





Matter of Schwertfager v New York State Div. of Human Rights


2018 NY Slip Op 03289


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


585 CA 17-01991

[*1]IN THE MATTER OF SHARON SCHWERTFAGER, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, NEW YORK STATE, STATE UNIVERSITY OF NEW YORK AND STATE UNIVERSITY COLLEGE AT FREDONIA, RESPONDENTS-RESPONDENTS. 






LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR PETITIONER-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR RESPONDENTS-RESPONDENTS NEW YORK STATE, STATE UNIVERSITY OF NEW YORK AND STATE UNIVERSITY COLLEGE AT FREDONIA. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered January 18, 2017 in a proceeding pursuant to Executive Law § 298. The order and judgment dismissed the petition. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that there was no probable cause to believe that petitioner's employer, State University of New York at Fredonia, incorrectly sued as State University College at Fredonia (respondent), discriminated and retaliated against her. We reject petitioner's contention that Supreme Court erred in dismissing the petition.
Initially, we note that petitioner did not address her discrimination claims in her memorandum of law or at oral argument in the motion court, nor did she address them in her brief on appeal. Consequently, any issues with respect to those claims have been abandoned (see Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017]; Cleere v Frost Ridge Campground, LLC, 155 AD3d 1645, 1646-1647 [4th Dept 2017]).
Contrary to petitioner's contention, the determination of SDHR is supported by a rational basis and is not arbitrary and capricious (see Matter of Witkowich v New York State Div. of Human Rights, 56 AD3d 1170, 1170 [4th Dept 2008], lv denied 12 NY3d 702 [2009]; cf. Matter of Mambretti v New York State Div. of Human Rights, 129 AD3d 1696, 1696-1697 [4th Dept 2015], lv denied 26 NY3d 909 [2015]). Contrary to petitioner's further contention, upon our review of the record, we conclude that SDHR " properly investigated petitioner's complaint . . . and provided petitioner with a full and fair opportunity to present evidence on [her] behalf and to rebut the evidence presented by [respondent]' " (Witkowich, 56 AD3d at 1170).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court