Golimowski v Town of Cheektowaga (2020 NY Slip Op 03362)





Golimowski v Town of Cheektowaga


2020 NY Slip Op 03362


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1252 CA 19-00825

[*1]ELAINE GOLIMOWSKI, PLAINTIFF-RESPONDENT,
v
TOWN OF CHEEKTOWAGA AND MICHAEL J. SLIWINSKI, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 






COLUCCI & GALLAHER, P.C., BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 29, 2018. The judgment, among other things, awarded plaintiff money damages as against defendants. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: This case arises out of an incident where a motor vehicle struck a pedestrian at the intersection of Borden Road and French Road in defendant Town of Cheektowaga (Town). At the time of the accident, defendant Michael J. Sliwinski, a police officer employed by the Town, was driving on Borden Road and approached the intersection with French Road, where the traffic light was a steady red. When the light changed and displayed a green left-turn arrow, Sliwinski started to make a left turn on French Road, where he collided with plaintiff, a pedestrian located in the crosswalk on French Road, causing the then 69-year-old plaintiff to sustain, inter alia, injuries to her knee and back.
In appeal No. 1, defendants appeal from an order that denied their motion pursuant to CPLR 4404 (a) seeking to set aside the jury verdict. In appeal No. 2, defendants appeal from a judgment entered upon the jury verdict that, inter alia, apportioned liability for the accident 75% to defendants and 25% to plaintiff and awarded plaintiff $600,000 for past pain and suffering and $600,000 for future pain and suffering, plus interest.
Inasmuch as the appeal from the final judgment in appeal No. 2 brings up for review the propriety of the order in appeal No. 1, we conclude that appeal No. 1 must be dismissed (see Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020]; Reid v Levy [appeal No. 2], 148 AD3d 1800, 1801 [4th Dept 2017]; see generally CPLR 5501 [a] [2]; Matter of Aho, 39 NY2d 241, 248 [1976]).
We conclude that defendants' contention challenging parts of Supreme Court's ruling on plaintiff's motion in limine is partially unpreserved and, to the extent that it is preserved for our review, is without merit. Just before jury selection, and on a motion in limine that had previously been served and argued, the court expressly precluded defendants from introducing the following evidence at trial: (1) plaintiff's statement concerning her use of alcohol before the accident; (2) plaintiff's prior conviction of driving while intoxicated; (3) part of a police department memorandum referencing plaintiff's pre-accident alcohol use; and (4) expert testimony referring to or relying upon plaintiff's pre-accident alcohol use. The court also granted that part of plaintiff's motion in limine seeking to permit introduction in evidence of a letter of suspension, which was signed by Sliwinski and in which Sliwinski consented to a three-day suspension from [*2]work upon his admission that he had violated a police department rule regarding safe operation of a motor vehicle. Defendants promptly objected to those trial-related evidentiary rulings and we therefore conclude that they are preserved for our review.
To the extent that defendants' contentions on appeal concern issues outside the specific evidentiary rulings made by the court, they are unpreserved because, during trial, defendants did not make an offer of proof or an objection with respect to those issues (see generally CPLR 4017; Oakes v Patel, 20 NY3d 633, 648 [2013]; Community Network Serv., Inc. v Verizon N.Y., Inc., 63 AD3d 547, 547 [1st Dept 2009], lv dismissed 13 NY3d 813 [2009]; Stiglianese v Vallone, 255 AD2d 167, 167 [1st Dept 1998]). For example, the court did not fully preclude defendants from using any part of the police department memorandum or calling their expert as a witness on issues other than plaintiff's pre-accident use of alcohol and defendants made no efforts to introduce such evidence at trial, and therefore any issue in connection therewith is unpreserved (see generally CPLR 4017; Oakes, 20 NY3d at 648).
On the merits, we conclude that, in its ruling on the motion in limine, the court did not abuse its discretion (see generally Dischiavi v Calli, 125 AD3d 1435, 1436 [4th Dept 2015]). In the absence of foundational testimony describing plaintiff's actions at the time of the accident, which occurred approximately eight hours after she consumed her last alcoholic beverage, or drawing a connection between plaintiff's alcohol use and her alleged comparative fault, any evidence regarding her pre-accident use of alcohol was of no probative value and highly prejudicial (see Blanchard v Lifegear, Inc., 45 AD3d 1258, 1260 [4th Dept 2007]; cf. Siemucha v Garrison, 111 AD3d 1398, 1400 [4th Dept 2013]). In addition, we conclude that defendants' contention with respect to Sliwinski's letter of suspension goes solely to that document's weight rather than its admissibility (see generally Madden v Dake, 30 AD3d 932, 937 [3d Dept 2006]).
Defendants' challenge to the propriety of a comment made by plaintiff's counsel during his opening statement was preserved by defendants' objection (see CPLR 4017). Even assuming, arguendo, that the challenged comment was inappropriate because it concerned facts not substantiated by the evidence (see Acosta v City of New York, 153 AD3d 765, 768 [2d Dept 2017]; Stangl v Compass Transp., 221 AD2d 909, 909-910 [4th Dept 1995]), we conclude that the isolated comment does not require reversal because it cannot be said to have "divert[ed] the attention of the jurors from the issues at hand" or to have "had any likely effect on the jury's verdict" (Short v Daloia, 70 AD3d 1384, 1385 [4th Dept 2010] [internal quotation marks omitted]; see Backus v Kaleida Health, 91 AD3d 1284, 1287 [4th Dept 2012]; Kmiotek v Chaba, 60 AD3d 1295, 1296 [4th Dept 2009]).
Furthermore, we reject defendants' contention that the verdict is against the weight of the evidence with respect to the jury's apportionment of liability. "It is well settled that a verdict may be set aside as against the weight of the evidence only if the evidence so preponderate[d] in favor of [defendants] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (Killian v Captain Spicer's Gallery, LLC, 170 AD3d 1587, 1588 [4th Dept 2019], lv denied 34 NY3d 905 [2019], quoting Lolik v Big V Supermarkets, LLC, 86 NY2d 744, 746 [1995]). In our view, a fair interpretation of the evidence adduced at trial supports the jury's apportionment of fault between the parties (see Stevens v Maimone, 6 AD3d 1222, 1223 [4th Dept 2004], lv denied 3 NY3d 605 [2004]). The evidence supports the conclusion that defendants bore a greater proportion of fault in causing the accident because of undisputed evidence that Sliwinski did not see plaintiff in the crosswalk and thus violated his "duty to see what should be seen and to exercise reasonable care under the circumstances" (Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015] [internal quotation marks omitted]).
Finally, we reject defendants' contention that the award of damages for past and future pain and suffering deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Lai Nguyen v Kiraly [appeal No. 2], 82 AD3d 1579, 1580 [4th Dept 2011]; see e.g. Hernandez v Ten Ten Co., 102 AD3d 431, 433 [1st Dept 2013]; Ferrer v City of New York, 49 AD3d 396, 397 [1st Dept 2008]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court