Barnett v DiSalvo (2020 NY Slip Op 05351)





Barnett v DiSalvo


2020 NY Slip Op 05351


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


513 CA 19-01470

[*1]BRENDA J. BARNETT, PLAINTIFF-APPELLANT,
v
JOHN J. DISALVO AND JOHN DISALVO, DOING BUSINESS AS DISALVO PIZZERIA & SUB SHOP, DEFENDANTS-RESPONDENTS. 






THE DIETRICH LAW FIRM, PC, WILLIAMSVILLE (BRIAN R. WOOD OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
CHELUS HERDZIK SPEYER & MONTE P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an amended judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered February 11, 2019. The amended judgment awarded defendants costs and disbursements upon a verdict of no cause of action. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an amended judgment that awarded defendants costs and disbursements upon a verdict of no cause of action in this negligence action commenced by plaintiff after she allegedly fell on the stairs leading into defendants' pizzeria. Two weeks prior to trial, plaintiff moved, as relevant to this appeal, for summary judgment on the issue of liability based solely on the theory that the uneven rise and tread of the stairs caused her fall. She supported her motion with, among other things, the affidavit of an expert, who opined that the stairs were noncompliant with the governing building code at the time of the accident and their construction due to the uneven rise and tread, as well as an affidavit from plaintiff herself asserting that the uneven stairs were a proximate cause of her fall. In response, defendants filed a cross motion in limine seeking, inter alia, to preclude at trial any expert testimony regarding those alleged building code violations and any reference to plaintiff's affidavit. Supreme Court denied plaintiff's motion and granted defendants' cross motion.
On appeal, plaintiff contends that the court abused its discretion in precluding her expert from testifying at trial regarding the uneven rise and tread of the stairs as a sanction for plaintiff's alleged failure to comply with the notice requirements of CPLR 3101 (d) (1). The court, however, did not grant that part of the cross motion seeking to preclude the expert testimony on that basis. Instead, the court precluded it because the expert opinion raised a new theory of negligence on the eve of trial that was inconsistent with plaintiff's deposition testimony that she stepped down onto the stairs and slipped on ice. The court similarly granted that part of the cross motion seeking to preclude any reference at trial to a "self-serving affidavit" of plaintiff asserting that her fall at defendants' pizzeria was caused in part by the uneven stairs and directed that the trial would proceed on the theory of "snow and ice only." Plaintiff failed to address those determinations in her main brief on appeal. Although plaintiff did argue in her reply brief that her deposition testimony did not preclude the additional theory that the uneven stairs contributed to her fall, "by failing to address the basis for the court's decision in [her] main brief, [plaintiff] cannot be heard on [her] other contentions that were not the dispositive basis for the court's decision, and [she] therefore ha[s] effectively abandoned any issue concerning [the court's preclusion of plaintiff's new theory of her fall] on appeal" (Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court