Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off. (2022 NY Slip Op 03824)

Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off.

2022 NY Slip Op 03824

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

293CA 21-00744

[*1]THE WALTON & WILLET STONE BLOCK, LLC, FOWLER GARDELLA CONSTRUCTION, LLC, AND THOMAS J. MILLAR, PLAINTIFFS-APPELLANTS,
v
CITY OF OSWEGO COMMUNITY DEVELOPMENT OFFICE, CITY OF OSWEGO AND CAMELOT LODGE, LLC, DEFENDANTS-RESPONDENTS. 

KIRWAN LAW FIRM, P.C., SYRACUSE (TERRY J. KIRWAN, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BARCLAY DAMON, LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CITY OF OSWEGO COMMUNITY DEVELOPMENT OFFICE AND

 Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered April 19, 2021. The order, among other things, dismissed the second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This case has been before us on two prior occasions (Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off., 175 AD3d 882 [4th Dept 2019], appeal dismissed 34 NY3d 1145 [2020]; Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off. & City of Oswego, 137 AD3d 1707 [4th Dept 2016]). Plaintiffs now appeal from an order that, inter alia, granted the cross motion of defendants City of Oswego and City of Oswego Community Development Office (collectively, City defendants) for summary judgment dismissing the second amended complaint against them, granted the motion of defendant Camelot Lodge, LLC (Camelot) for summary judgment dismissing the second amended complaint against it, and denied plaintiffs' cross motion insofar as it sought to extend the notice of pendency. We affirm.
On appeal, plaintiffs do not challenge any of the grounds upon which Supreme Court actually granted the City defendants' cross motion. Instead, plaintiffs' arguments concerning that cross motion relate exclusively to tangential issues that did not impact the court's determination thereof. Thus, by failing to address the basis for the court's decision, plaintiffs "effectively abandoned" any challenge to the granting of the City defendants' cross motion (Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017]; see Miller v Miller, 189 AD3d 2089, 2094-2095 [4th Dept 2020]; Barnett v DiSalvo, 187 AD3d 1548, 1549 [4th Dept 2020]). Moreover, inasmuch as specific performance "is an equitable remedy for a breach of contract, rather than a separate cause of action" (Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 175 [1st Dept 2002]; see M & E 73-75 LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020]; Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 86 [1st Dept 2013]), the dismissal of plaintiffs' breach of contract cause of action against the City defendants necessarily precludes [*2]any award of specific performance against Camelot (see generally SJSJ Southold Realty, LLC v Fraser, 150 AD3d 920, 922 [2d Dept 2017]; Finkelman v Wood, 203 AD2d 236, 237 [2d Dept 1994]). Although plaintiffs also asserted a declaratory judgment cause of action, no declaration is necessary under these circumstances (see Niagara Falls Water Bd. v City of Niagara Falls, 64 AD3d 1142, 1144 [4th Dept 2009]; Main Evaluations v State of New York, 296 AD2d 852, 853 [4th Dept 2002], appeal dismissed and lv denied 98 NY2d 762 [2002]). Finally, given its dismissal of the underlying action, the court properly denied plaintiffs' cross motion insofar as it sought to extend the notice of pendency (see Alvaro v Faracco, 85 AD3d 1072, 1073 [2d Dept 2011]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court