Buczek v Town of Evans (2022 NY Slip Op 06363)

Buczek v Town of Evans

2022 NY Slip Op 06363

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

767 CA 22-00137

[*1]SHANE CHRISTOPHER BUCZEK, PLAINTIFF-APPELLANT,
v
TOWN OF EVANS, TOWN OF CHEEKTOWAGA, TOWN OF BRANT, ERNEST P. MASULLO, NATHAN A. MILLER, PETER A. SMITH, GRANT ZAJAS, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

SHANE CHRISTOPHER BUCZEK, PLAINTIFF-APPELLANT PRO SE.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (KARL ERICH DANIEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS TOWN OF EVANS, ERNEST P. MASULLO, NATHAN A. MILLER, PETER A. SMITH AND GRANT ZAJAS. 

 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered July 2, 2020. The order, among other things, dismissed plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for, inter alia, malicious prosecution and violation of plaintiff's civil rights pursuant to 42 USC § 1983, plaintiff appeals from an order that granted the motions of defendants Town of Evans and Town of Brant to dismiss the complaint pursuant to CPLR 3211 and the Town of Cheektowaga's motion for summary judgment dismissing the complaint. We affirm.
As limited by his appellate brief, plaintiff challenges only those parts of the order that granted the motions with respect to his causes of action for malicious prosecution and under 42 USC § 1983. In that brief, however, plaintiff failed to challenge Supreme Court's first and independently dispositive ground for granting those parts of the motions and dismissing those causes of action. Thus, by failing to address the basis for the court's determination, plaintiff effectively abandoned any challenge to the granting of those parts of the motions (see Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off., 206 AD3d 1688, 1689 [4th Dept 2022]; Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017]). To the extent that plaintiff attempts to raise new contentions on appeal for the first time in his reply brief, those contentions are not properly before us (see Solvay Bank v Feher Rubbish Removal, Inc., 187 AD3d 1596, 1597 [4th Dept 2020]; Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1144 [4th Dept 2014]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court