Papaj v County of Erie (2022 NY Slip Op 07384)

Papaj v County of Erie

2022 NY Slip Op 07384

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

905 CA 21-01201

[*1]DONALD PAPAJ, INDIVIDUALLY AND AS APPOINTED AGENT AND ATTORNEY IN FACT ON BEHALF OF DANA PAPAJ, A PERSON UNDER DISABILITY, PLAINTIFF-APPELLANT-RESPONDENT,
v
COUNTY OF ERIE, TOWN OF GRAND ISLAND, DEFENDANTS-RESPONDENTS, EDWARD J. KUEBLER, III, MICHELLE L. KUEBLER, DEFENDANTS-RESPONDENTS-APPELLANTS, ET AL., DEFENDANTS. 

HOGANWILLIG, PLLC, AMHERST (RYAN C. JOHNSEN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
PILLINGER MILLER TARALLO, LLP, SYRACUSE (MARIA T. MASTRIANO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.
LIPPES MATHIAS LLP, BUFFALO (JAMES P. BLENK OF COUNSEL), FOR DEFENDANT-RESPONDENT COUNTY OF ERIE. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT TOWN OF GRAND ISLAND. 

 Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered July 23, 2021. The order, among other things, granted the motions of defendants County of Erie, Town of Grand Island, and Michelle L. Kuebler for summary judgment dismissing the complaint and all cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for, inter alia, personal injuries sustained by his wife when a vehicle operated by defendant Edward J. Kuebler, III (Edward), left the roadway and struck her. The road is located within defendant Town of Grand Island (Town) but is owned by the defendant County of Erie (County). The County, the Town, and defendant Michelle L. Kuebler (Michelle), who is a co-lessee of the vehicle, separately moved for summary judgment dismissing the complaint and all cross claims against them. Plaintiff appeals from an order insofar as it granted that part of each of those motions seeking summary judgment dismissing the complaint against those defendants. As relevant here, Edward and Michelle also appeal from the same order insofar as it granted that part of each of the motions of the County and the Town seeking summary judgment dismissing the cross claims of Edward and Michelle for indemnity and/or contribution against the County and Town. We affirm.
Plaintiff, Edward, and Michelle (collectively, appellants) contend that there are triable issues of fact whether the County breached its duty to maintain the road in a reasonably safe condition and that Supreme Court therefore erred in granting the County's motion. The appellants, however, fail to address all of the grounds upon which the court actually granted the County's motion. Here, the court concluded that the County established its entitlement to [*2]judgment as a matter of law by submitting evidence that it did not receive prior written notice of the allegedly dangerous or defective condition as required by Local Law No. 3 of the County of Erie (see Brockway v County of Chautauqua, 187 AD3d 1674, 1674 [4th Dept 2020]; Hubbard v County of Madison, 93 AD3d 939, 942 [3d Dept 2012], lv denied 19 NY3d 805 [2012]). "[B]y failing to address [a dispositive] basis for the court's decision, [appellants] 'effectively abandoned' any challenge to the granting of [the County's motion for summary judgment]" (Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off., 206 AD3d 1688, 1689 [4th Dept 2022]; see Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
The appellants contend that the court erred in granting the Town's motion. Specifically, the appellants argue that, contrary to the court's conclusion that the Town did not owe a duty to plaintiff's wife because the Town did not own or maintain the road, plaintiff established that section 35-2 of the 1963 Code of the Town created a special duty to pedestrians such as plaintiff's wife (see generally McLean v City of New York, 12 NY3d 194, 199-200 [2009]). The appellants, however, fail to address the fact that the court "decline[d] to consider th[at] contention, because [p]laintiff failed to include § 35-2 (or any portion of the purported 1963 Town Code) in the record." Thus, the court rejected that contention on a different ground than that being challenged on appeal and affirmance is warranted based on appellants' "fail[ure] to address the basis for the court's decision" (Walton & Willet Stone Block, LLC, 206 AD3d at 1689; see Haher, 156 AD3d at 1382; see generally Ciesinski, 202 AD2d at 984).
We have reviewed plaintiff's remaining contention and conclude that it is without merit.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court