Liberty Maintenance, Inc. v Alliant Ins. Servs., Inc. (2023 NY Slip Op 02210)

Liberty Maintenance, Inc. v Alliant Ins. Servs., Inc.

2023 NY Slip Op 02210

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

214 CA 22-01315

[*1]LIBERTY MAINTENANCE, INC., PLAINTIFF-RESPONDENT,
v
ALLIANT INSURANCE SERVICES, INC., DEFENDANT-APPELLANT. 

GORDON REES SCULLY MANSHUKHANI, LLP, NEW YORK CITY (DON WILLENBURG, OF THE CALIFORNIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 9, 2022. The order, among other things, granted in part plaintiff's cross-motion for leave to amend the amended complaint and denied defendant's motion to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendant's alleged breach of its brokerage services agreement with plaintiff. Defendant thereafter moved to dismiss the amended complaint, and plaintiff cross-moved for leave to file a second amended complaint. Defendant appeals from an order that granted plaintiff's cross-motion in part and denied defendant's motion as moot.
In its order, Supreme Court wrote that its determination to grant plaintiff's cross-motion in part "obviate[d] consideration of [d]efendant's application to dismiss the [a]mended [c]omplaint." Additionally, the relevant ordering paragraph stated that defendant's motion was "denied, as moot." Thus, the court's denial of defendant's motion was based solely on the ground of mootness. Although defendant contends that the court erred in denying its motion, it does not challenge the determination that the motion is moot. Having failed to present any argument with respect to the dispositive determination in the order appealed from, defendant is deemed to have abandoned any contention with respect to the propriety thereof (see Jones v Town of Carroll, 197 AD3d 1003, 1003 [4th Dept 2021]; see also Papaj v County of Erie, 211 AD3d 1617, 1618 [4th Dept 2022]; Buczek v Town of Evans, 210 AD3d 1428, 1428 [4th Dept 2022], appeal dismissed 39 NY3d 1090 [2023]), and we therefore affirm (see Jones, 197 AD3d at 1004).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court