Ford v Chahfe (2025 NY Slip Op 03396)

Ford v Chahfe

2025 NY Slip Op 03396

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

10 CA 23-01378

[*1]ECHO FORD, ALSO KNOWN AS HONG JU WANG, AND J. MARK FORD, PLAINTIFFS-APPELLANTS,
v
FAYEZ CHAHFE, M.D., M.D. CHAHFE MEDICAL PROFESSIONAL RECRUITMENT, LLC, TANYA PERKINS-MWANTUALI, M.D., EAST UTICA MEDICAL GROUP, ST. ELIZABETH MEDICAL CENTER, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

PORTER LAW GROUP, SYRACUSE (MICHAEL S. PORTER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (CHARLES E. PATTON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS FAYEZ CHAHFE, M.D. AND M.D. CHAHFE MEDICAL PROFESSIONAL RECRUITMENT, LLC. 
GALE GALE & HUNT, LLC, FAYETTEVILLE (ANDREW R. BORELLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS TANYA PERKINS-MWANTUALI, M.D., EAST UTICA MEDICAL GROUP, AND ST. ELIZABETH MEDICAL CENTER. 

 Appeal from a judgment of the Supreme Court, Oneida County (Gregory R. Gilbert, J.), entered December 27, 2022. The judgment dismissed the complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by plaintiff Echo Ford, also known as Hong Ju Wang, from the alleged failure of defendants to diagnose her tuberculosis. Plaintiffs appeal from a judgment entered upon a jury verdict in favor of defendants-respondents (defendants). We affirm.
Plaintiffs contend that Supreme Court erred in denying their posttrial motion to set aside the verdict pursuant to CPLR 4404 because defense counsel engaged in misconduct during the trial, warranting a new trial in the interest of justice (see CPLR 4404 [a]). We reject that contention. In deciding whether the actions by counsel warrant a new trial, this Court has examined whether any improper remarks were isolated or " 'constitute[d] a pattern of behavior designed to divert the attention of the jurors from the issues at hand' " (Kmiotek v Chaba, 60 AD3d 1295, 1296 [4th Dept 2009]; see Stewart v Olean Med. Group, P.C., 17 AD3d 1094, 1097 [4th Dept 2005]), and whether the remarks "had any likely effect on the jury's verdict" (Short v Daloia, 70 AD3d 1384, 1385 [4th Dept 2010]; see Shelp v Ratnik, 218 AD3d 1209, 1210 [4th Dept 2023]; Bhim v Platz, 207 AD3d 511, 514 [2d Dept 2022]). Here, plaintiffs failed to object to the majority of the comments at issue and thus failed to preserve for our review their contention with respect to those comments (see Dailey v Keith, 306 AD2d 815, 816 [4th Dept 2003], affd 1 NY3d 586 [2004]; Wiepert v Manchester, 298 AD2d 947, 948 [4th Dept 2002]). With respect to the remaining comments to which plaintiffs objected, we conclude that most of those comments were not improper. However, even assuming, arguendo, that the remaining challenged comments were improper, we conclude that those comments cannot be said to have " 'divert[ed] the attention of the jurors from the issues at hand' " (Kmiotek, 60 AD3d at 1296), nor can they be said to have had any likely effect on the jury's verdict (see Golimowski v Town of [*2]Cheektowaga [appeal No. 2], 184 AD3d 1195, 1197-1198 [4th Dept 2020]; Wilson v City of New York, 65 AD3d 906, 908-909 [1st Dept 2009]).
Plaintiffs also contend that the court should have granted their CPLR 4404 motion because it erred in denying plaintiffs' request to instruct the jury regarding defendants' alleged violation of the New York Public Health Law and New York Sanitary Code. However, the court determined that plaintiffs' request was untimely, and we therefore conclude that "by failing to address [a dispositive] basis for the court's decision, plaintiffs 'effectively abandoned' any challenge to the [denial of the motion as it relates to the jury charge]" (Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off., 206 AD3d 1688, 1689 [4th Dept 2022]; see Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court